443 So.2d 362 (1983)
Michael Finley TINDALL, Appellant,
v.
STATE of Florida, Appellee.
No. 82-877.
District Court of Appeal of Florida, Fifth District.
December 29, 1983.
Michael Finley Tindall, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a sentence in a second degree murder case. We have reviewed and affirmed the conviction. See, *363 Tindall v. State, 415 So.2d 1390 (Fla. 5th DCA 1982).
The question now on appeal is whether a defendant can be sentenced to the three year mandatory minimum under Section 775.087(2), Florida Statutes (1981) without the specific finding by a jury that the defendant had a firearm in his possession when he committed the crime.
The facts are that the appellant murdered Sherill Crawford Johns with a rifle. He was charged with first degree murder and convicted of second degree murder. There is absolutely no question that the victim died as a result of Tindall having shot her with a firearm. The jury was not advised that the defendant was facing a three year mandatory minimum sentence[1] and the jury was not given an interrogatory verdict to enable it to find specifically that a firearm was used.
We have considered Overfelt v. State, 434 So.2d 945 (Fla. 4th DCA 1983) and we disagree with it. Thus, we certify that we are in conflict with its holding. Overfelt holds:
that before a trial court may enhance a defendant's sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question on a special verdict form so indicating. We reject the State's argument of waiver to the effect that the defendant had the burden of securing such findings from the jury.
434 So.2d at 948.
It is our opinion, and we hold, that where a defendant is charged with a crime which requires the possession of a firearm to commit the crime, or where the allegations and the proof lead to the inescapable conclusion that the defendant possessed a firearm during the commission of the crime, then the jury need only find the defendant guilty of the crime, or of an included lesser offense which also has the requisite allegations and proof to substantiate it, and the jury need not render a specific verdict finding such firearm possession in order for the three year minimum mandatory sentence under Section 775.087(2) to be imposed. If there is not such an inescapable conclusion, then a special verdict is required.
The sentence is affirmed.
AFFIRMED.
SHARP, J., concurs.
COBB, J., dissents with opinion.
COBB, Judge, dissenting.
I dissent on the ground that only a jury, in the absence of waiver of a jury trial, can try the factual issues in a criminal case. The issue is not the weight of the evidence; it is defendant's right to a trial by jury. See Overfelt v. State, 434 So.2d 945 (Fla. 4th DCA 1983) and Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982). The burden was on the state, not the defense, to obtain the interrogatory verdict referred to in the majority opinion. It failed to do so. I would reverse the imposition of the three-year mandatory sentence.
NOTES
[1] No request or objection in that regard was made. See, Torrence v. State, 440 F.2d 392 (Fla. 5th DCA, 1983).