457 So.2d 1385 (1984)
STATE of Florida, Petitioner,
v.
Robert Dale OVERFELT, Respondent.
No. 64208.
Supreme Court of Florida.
October 18, 1984.
*1386 Jim Smith, Atty. Gen. and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Tatjana Ostapoff, Asst. Public Defender, 15th Jud. Cir., West Palm Beach, for respondent.
BOYD, Chief Justice.
This case is before the Court on petition for review of the decision in Overfelt v. State, 434 So.2d 945 (Fla. 4th DCA 1983). The district court of appeal certified its decision to be in direct conflict with Gentry v. State, 422 So.2d 1072 (Fla. 2d DCA 1982), on the question of whether the crime of attempted third-degree murder exists in the law of Florida. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In Gentry v. State, 437 So.2d 1097 (Fla. 1983), we approved the above-cited decision of the Second District Court of Appeal and held that there is a crime of attempted third-degree murder reasoning as follows:
[T]here are offenses that may be successfully prosecuted as an attempt without proof of a specific intent to commit the relevant completed offense. The key to recognizing these crimes is to first determine whether the completed offense is a crime requiring specific intent or general intent. If the state is not required to show specific intent to successfully prosecute the completed crime, it will not be required to show specific intent to successfully prosecute an attempt to commit that crime. We believe there is logic in this approach and that it comports with legislative intent. Second-degree and third-degree murder under our statutes are crimes requiring only general intent.
Id. at 1098-99. We therefore take jurisdiction of this case pursuant to article V, section 3(b)(4), Florida Constitution, to quash that portion of the district court's opinion that conflicts with our holding in Gentry. On remand the judgment of conviction of attempted third-degree murder should be reinstated. See also Amlotte v. State, 456 So.2d 448 (Fla. 1984).
With regard to the second issue raised by the state's petition for review, we find no error and approve that portion of the decision of the district court of appeal. This second issue concerns the question of whether there must be a specific jury finding that an accused actually possessed a firearm before a trial court can apply the enhancement and mandatory sentencing provisions of section 775.087, Florida Statutes (1983). In this case Overfelt was charged with, among other crimes, two counts of attempted first-degree murder. On these charges the jury found him guilty of the lesser included offenses of attempted third-degree murder on one count and aggravated assault on the other. The trial judge reclassified the crime of attempted third-degree murder as a felony of the third degree, relying upon section 775.087(1), *1387 which authorizes the reclassification of the degree of a felony whenever the defendant in committing the felony carries, displays, uses, threatens, or attempts to use any weapon or firearm. The court also applied the three year mandatory sentencing provision of section 775.087(2).
The district court held, and we agree, "that before a trial court may enhance a defendant's sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating." 434 So.2d at 948. See also Hough v. State, 448 So.2d 628 (Fla. 5th DCA 1984); Smith v. State, 445 So.2d 1050 (Fla. 1st DCA 1984); Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982); Bell v. State, 394 So.2d 570 (Fla. 5th DCA 1981). But see Tindall v. State, 443 So.2d 362 (Fla. 5th DCA 1983). The question of whether an accused actually possessed a firearm while committing a felony is a factual matter properly decided by the jury. Although a trial judge may make certain findings on matters not associated with the criminal episode when rendering a sentence, it is the jury's function to be the finder of fact with regard to matters concerning the criminal episode. To allow a judge to find that an accused actually possessed a firearm when committing a felony in order to apply the enhancement or mandatory sentencing provisions of section 775.087 would be an invasion of the jury's historical function and could lead to a miscarriage of justice in cases such as this where the defendant was charged with but not convicted of a crime involving a firearm.
The decision of the district court of appeal is quashed in part and approved in part. We remand this case with instructions that Overfelt's conviction of attempted third-degree murder be reinstated and that he be resentenced in accordance with the views expressed in this opinion.
It is so ordered.
ADKINS, OVERTON, McDONALD and SHAW, JJ., concur.
ALDERMAN, J., concurs in part and dissents in part with an opinion in which EHRLICH, J., concurs.
ALDERMAN, Justice, concurring in part, dissenting in part.
I concur with that portion of the majority opinion which reinstates Overfelt's conviction of attempted third-degree murder. As to the second issue, however, I disagree with the Court's holding that there must be a specific jury finding that an accused actually possessed a firearm before the trial court can apply the enhancement and mandatory sentencing provisions of section 775.087, Florida Statutes (1983). A defendant can be sentenced to the three-year mandatory minimum under this provision without such a specific finding by the jury. In my view, the trial court, in the context of sentencing a defendant, can make a finding from the evidence that a firearm was used without any express indication by the jury as to its use. I agree with the rationale and holding of the Fifth District Court of Appeal in Tindall v. State, 443 So.2d 362 (Fla. 5th DCA 1983), that where a defendant is charged with a crime which requires possession of a firearm to commit the crime or where the allegations and the proof lead to the inescapable conclusion that defendant possessed a firearm during the commission of the crime, the jury need not render a specific verdict finding such firearm possession in order for the trial court to impose the three-year minimum mandatory sentence under section 775.087(2). This determination is part of the sentencing process and may be made by the trial court.
Accordingly, I would quash the decision of the Fourth District and reinstate the conviction and sentence for attempted third-degree murder, the felony reclassification, and the three-year mandatory minimum sentence.
EHRLICH, J., concurs.