462 So.2d 1102 (1985)
STATE of Florida, Petitioner,
v.
Clifford Talmadge SMITH, Respondent.
No. 65157.
Supreme Court of Florida.
January 24, 1985.
Jim Smith, Atty. Gen. and Gregory C. Smith, Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
BOYD, Chief Justice.
This cause is before the Court on petition of the State of Florida for review of the decision of the district court of appeal reported as Smith v. State, 445 So.2d 1050 (Fla. 1st DCA 1984). The district court certified that its decision passed upon a question of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Respondent was charged with second-degree murder and, upon being tried on the accusation of murder, was convicted of manslaughter. The trial court, pursuant to section 775.087(1), Florida Statutes (1981), reclassified the offense from its ordinary severity as a second-degree felony, § 782.07, Fla. Stat. (1981), to a first-degree felony on the ground that the defendant used a firearm during the commission of the offense.
On appeal to the district court, respondent raised two issues: first, that reclassification was improper because section 775.087 does not provide for it except with regard to the offense charged and here respondent was convicted not of the offense charged but of a lesser included offense; second, that reclassification was improper without a jury finding of the enhancement *1103 element of use of a firearm. The district court found that both arguments were correct and that both errors warranted reversal.
Recent decisions of this Court address both issues. With regard to the first point, we quash the decision of the district court of appeal on the authority of Miller v. State, 460 So.2d 373 (Fla. 1984). There we held that the reclassification provisions of section 775.087(1) may apply where the defendant is convicted of a lesser included offense rather than the offense expressly charged.
Regarding the second point, we approve the decision of the district court on the authority of State v. Overfelt, 457 So.2d 1385 (Fla. 1984). There we held that the factual element subjecting the defendant to reclassification under section 775.087(1) must be found by the trier of fact, precluding judicial reclassification in a jury trial.
The decision of the district court is approved in part and quashed in part, and remanded for disposition consistent with this opinion.
It is so ordered.
ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
ALDERMAN, J., concurs in part and dissents in part with an opinion.
ALDERMAN, Justice, concurring in part and dissenting in part.
For the reasons stated in my dissent to State v. Overfelt, 457 So.2d 1385 (Fla. 1984), I would quash the decision of the district court and remand with instructions that the trial court be affirmed.