470 So.2d 58 (1985)
Eduardo LOPEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-631.
District Court of Appeal of Florida, Third District.
June 4, 1985.
Bennett H. Brummer, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Eduardo Lopez appeals convictions and sentences imposed following a jury trial on charges of attempted murder and robbery with a firearm. The charges against Lopez resulted from an incident at a store. During a robbery involving Lopez and two other men, co-defendant Juan Gonzalez shot and wounded the store owner. Lopez admitted accompanying the other men to the store for the purpose of committing a robbery, but denied participating in the events which followed.
Nevertheless, Lopez was charged with attempted murder and robbery.[1] Although *59 the jury returned verdicts finding Lopez guilty of attempted first degree murder (without a firearm) and robbery with a firearm, the trial court adjudged Lopez guilty of attempted first degree murder with a firearm and robbery with a firearm. The court sentenced Lopez to serve two consecutive terms of life imprisonment with consecutive mandatory minimum sentences. Upon review of the record, we reject as without merit Lopez's contentions directed to the merits of his case; however, we find error in the judgment and sentences.
The first error appears in the judgment. The verdict returned by the jury on the attempted first degree murder charge does not include a finding that Lopez committed the offense with a firearm. Thus, the trial court's adjudication of attempted first degree murder with a firearm cannot stand. The trial court's judgment must conform to the jury's verdict. Perkins v. Mayo, 92 So.2d 641 (Fla. 1957); Lewis v. State, 154 Fla. 825, 19 So.2d 199 (1944); Starkes v. State, 438 So.2d 1004 (Fla. 2d DCA 1983); Anderson v. State, 338 So.2d 209 (Fla. 3d DCA 1976), cert. denied, 352 So.2d 174 (Fla. 1977). The judgment adjudicating Lopez guilty of attempted murder with a firearm does not reflect the verdict and must be set aside for entry of the appropriate judgment, that is, attempted first degree murder.
Next, we note that the trial court enhanced the thirty year maximum sentence authorized for attempted first degree murder and, in addition, imposed a three-year mandatory minimum sentence for the possession of a firearm during the commission of the offense. § 775.087(1), (2), Florida Statutes (1979).[2] In the absence of a jury finding that defendant used a firearm, the court may neither enhance the sentence nor impose a mandatory minimum sentence. State v. Smith, 462 So.2d 1102 (Fla. 1985); State v. Overfelt, 457 So.2d 1385 (Fla. 1984); Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982).
For these reasons, we vacate the judgment and sentence as to Count I and direct the trial court to enter a judgment in accordance with the verdict of attempted first degree murder without a firearm and to impose the appropriate sentence.
*60 Turning to count II, we find no error in the life sentence with a three-year mandatory minimum imposed for the commission of a robbery with a firearm. §§ 812.13(2)(a), 775.087(2), Fla. Stat. (1979); see Bradfield v. State, 438 So.2d 1005 (Fla. 2d DCA 1983) (aggravated battery already enhanced penalty offense subject to imposition of mandatory minimum sentence).
Lopez's remaining points lack merit.
Judgment and sentence vacated as to Count I; affirmed as to count II; remanded with directions.
NOTES
[1] Count I of the information charged:

JUAN GONZALEZ, EDUARDO LOPEZ and ALI SANCHEZ also known as RAFAEL SANCHEZ-PENA on the 18th day of April, 1981, in the County and State aforesaid, did unlawfully and feloniously attempt to commit a felony, to wit: MURDER IN THE FIRST DEGREE, upon JEFF YALLELUS, and in furtherance thereof, the defendants JUAN GONZALEZ, EDUARDO LOPEZ and ALI SANCHEZ also known as RAFAEL SANCHEZ-PENA with felonious intent and from a premeditated design to effect the death of a human being, or while engaged in the perpetration of, or in an attempt to perpetrate ROBBERY attempted to kill JEFF YALLELUS, a human being and in such attempt JUAN GONZALEZ did shoot JEFF YALLELUS with a PISTOL while EDUARDO LOPEZ and ALI SANCHEZ acted as aiders or abettors, in violation of 782.04(1), 77.04(1) and 775.087 Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
Count II of the information charged:
JUAN GONZALEZ, EDUARDO LOPEZ and ALI SANCHEZ also known as RAFAEL SANCHEZ-PENA, on the 18th day of April, 1981, in the County and State aforesaid, did unlawfully by force, violence, assault or putting in fear, take certain personal property, to-wit: JEWELRY, the property of JEFF YALLELUS, as owner or custodian, from the person or custody of JEFF YALLELUS, said property being the subject of larceny and of the value of more than ONE HUNDRED DOLLARS ($100.00), and in the course of committing said ROBBERY, carried a firearm, to-wit: A PISTOL, in violation of 812.13 Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
[2] Sections 775.087(1) and (2) provide:

(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
.....
(2) Any person who is convicted of:
(a) Any murder ... or any attempt to commit the aforementioned crimes; ...
and who had in his possession a "firearm," as defined in s. 790.001(6), or "destructive device," as defined in s. 790.001(4), shall be sentenced to a minimum term of imprisonment of 3 calendar years. Notwithstanding the provisions of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole or statutory gain-time under s. 944.27 or s. 944.29, prior to serving such minimum sentence.