PER CURIAM.
Nathaniel Stephens appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. His motion challenges the legality of the life sentence imposed by the trial court following a jury verdict finding Stephens guilty of armed robbery without a firearm. Stephens maintains that he should receive a sentence no greater than the maximum allowed by law for an unarmed robbery, rather than the sentence he received for armed robbery.
The trial court summarily denied Stephen’s motion on the ground that the issue should have been raised in the motion Stephens filed subsequent to the affirmance of his conviction in Stephens v. State, 445 So.2d 1094 (Fla. 3d DCA 1984). We affirmed the summary denial of the prior motion in Stephens v. State, 467 So.2d 1011 (Fla. 3d DCA 1985).
We reverse the trial court’s summary denial of Stephen’s second motion. Successive 3.850 motions are appropriate when they state substantially new legal grounds. McCrae v. State, 437 So.2d 1388 (Fla.1983); Nova v. State, 439 So.2d 255 (Fla. 3d DCA 1983), rev’d on other grounds, 462 So.2d 511 (Fla. 3d DCA 1985). Furthermore, a fundamental error, such as the imposition of an unlawful sentence, may be raised for the first time in a Rule 3.850 motion notwithstanding the fact that it could have been raised on direct appeal. Nova, 439 So.2d at 261; Reynolds v. State, 429 So.2d 1331 (Fla. 5th DCA 1983). The record before us does not show conclusively that Stephens is entitled to no relief. Fla.R.App.P. 9.140(g). By failing to consider the merits of Stephen’s claim, the trial court made no determination as to whether Stephen’s conviction was for an armed robbery or for an unarmed robbery. We therefore reverse and remand the cause for an evidentiary hearing.
Reversed and remanded.