488 So.2d 145 (1986)
Michael FISCHER, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2407.
District Court of Appeal of Florida, Third District.
May 13, 1986.
Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Mark J. Berkowitz, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
BASKIN, Judge.
Defendant Fischer was charged with one count of burglary of an occupied dwelling, § 810.02, Fla. Stat. (1983), one count of armed robbery, § 812.13, Fla. Stat. (1983), and two counts of aggravated assault, § 784.021(1)(a), Fla. Stat. (1983). Count I of the information charged that "in the course of committing said burglary, the defendant was armed or did arm himself with a dangerous weapon, to wit: A KNIFE, and/or made an assault upon LYDIA ZAPATA and/or CARMEN ZAPATA, by threatening LYDIA ZAPATA and/or CARMEN ZAPATA with a KNIFE and/or by choking or threatening to choke LYDIA ZAPATA... ." Count II of the information charged that "in the course of committing said ROBBERY, [defendant] carried a DEADLY WEAPON, to wit: A KNIFE... ." Following a trial, the jury returned verdicts finding Fischer guilty, as charged, of burglary, robbery and one count of aggravated assault, and not guilty of the second count of aggravated assault. Fischer challenges the judgments entered by the trial court.[1] He argues that the verdicts do not support the entry of "enhanced" judgments of burglary with an assault with a dangerous weapon and armed robbery because the burglary verdict failed to include a specific jury finding that Fischer possessed a dangerous weapon and assaulted the victim during the commission *146 of the burglary and the robbery verdict failed to specify that he possessed a deadly weapon during the commission of the robbery. We agree with Fischer's contention solely as to the burglary conviction.
Sections 810.02 and 812.13, Florida Statutes (1983), provide that unarmed burglary without an assault and unarmed robbery are second degree felonies. Each offense is punishable, under section 775.082(3)(c), Florida Statutes (1983), by a term of imprisonment not exceeding fifteen years. If in the course of committing a burglary, a defendant is armed with a dangerous weapon or assaults an occupant or, if in the course of committing a robbery, a defendant carries a deadly weapon, the offense is reclassified as a first degree felony, punishable by imprisonment for a term of years not exceeding life imprisonment. §§ 810.02(2), 812.13(2)(a), Fla. Stat. (1983). It is well settled that as a predicate to reclassification of an offense, the jury verdicts must include specific findings that the element subjecting defendant to reclassification is present. State v. Smith, 462 So.2d 1102 (Fla. 1985); State v. Overfelt, 457 So.2d 1385 (Fla. 1984); Lopez v. State, 470 So.2d 58 (Fla. 3d DCA 1985); Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982).
The question before us, therefore, is whether the verdicts finding Fischer guilty of robbery and burglary "as charged" constitute specific jury findings that Fischer committed the burglary while armed with a dangerous weapon or with an assault on the occupants, and committed the robbery while armed with a deadly weapon. At oral argument, defense counsel conceded, and we agree, that because the trial court instructed the jury as to the nature and elements of the robbery charge, the verdict finding him guilty of robbery "as charged" constituted a specific finding that the defendant was armed during the commission of the robbery. Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984), review denied, 462 So.2d 1108 (Fla. 1985); see Tucker v. State, 388 So.2d 6 (Fla. 3d DCA 1980), review denied, 392 So.2d 1380 (Fla. 1981).
As to the burglary verdict, however, the record reflects that the trial court did not adequately inform the jury of the nature and elements of the charge. Thus, the jury's failure to state in the verdict that Fischer was armed with a dangerous weapon and assaulted an occupant, precludes a conviction of "burglary with assault with a dangerous weapon."[2]Smith; Overfelt; Lopez; Whitehead; Streeter. A verdict of "guilty as charged" may be sustained as incorporating a reference to the charge only when the court has instructed the jury as to every element of the offense charged.
We therefore affirm the conviction of armed robbery but reduce the conviction of "burglary with assault with a dangerous weapon" to burglary, as a second-degree felony.[3] The sentence remains the same.
Affirmed as modified.
NOTES
[1] Fischer does not challenge the adjudication of guilt for aggravated assault.
[2] We note that at oral argument the state relied on Tindall v. State, 443 So.2d 362 (Fla. 5th DCA 1983), for the proposition that where the evidence leads to the inescapable conclusion that defendant possessed a firearm during the commission of the crime, the jury need not render a specific verdict finding possession for enhancement of a sentence. As the fifth district states in Henry v. State, 483 So.2d 860 (Fla. 5th DCA 1986), the supreme court in State v. Overfelt, 457 So.2d 1385 (Fla. 1984), cited and implicitly overruled Tindall.
[3] § 810.02(3), Fla. Stat. (1983).