502 So.2d 511 (1987)
Willie VAUSE, Appellant,
v.
STATE of Florida, Appellee.
No. BN-382.
District Court of Appeal of Florida, First District.
February 16, 1987.
Gwendolyn Spivey, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Vause contends the trial court committed reversible error in denying his petition for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We agree and reverse.
Vause was indicted in 1979 for first degree murder (Count I), shooting into an occupied vehicle (Count II), and using a firearm in the commission of a felony (Count III). He went to trial in January of 1981. The jury convicted Vause of third degree murder on the first count and as charged on the remaining counts. On 16 March 1981, Vause was sentenced to 12 years on Count I, 12 years on Count II, and 5 years on Count III, such sentences being ordered to run concurrently. In addition, the trial court imposed a mandatory minimum sentence of three years pursuant to Section 775.087(2), Florida Statutes (1981).
Thereafter, Vause pursued a direct appeal. Vause v. State, 424 So.2d 52 (Fla. 1st DCA 1982), affirmed in part, quashed in part, Vause v. State, 476 So.2d 141 (Fla. 1985). As his sixth issue on appeal Vause challenged the legality of the three-year mandatory minimum sentence, specifically contending that the use of a weapon was necessary to prove the crime itself, and therefore the use of a weapon could not be considered a separate facet of the offense sufficient to justify an aggravated penalty. His argument was rejected.
Vause, who was incarcerated for his crimes after the Supreme Court's decision became final, promptly filed a Rule 3.850 *512 motion for post-conviction relief, alleging that imposition of the three-year mandatory minimum sentence based upon his possession of a firearm was improper because the jury did not explicitly find the murder was in fact committed with a firearm. On 13 May 1986, the petition was denied and this timely appeal then followed.
Before a mandatory three-year sentence may be imposed pursuant to Section 775.087(2), the jury must either find the defendant guilty of a crime which necessarily involves the use of a firearm or the jury must specifically find the defendant did in fact use a firearm during the commission of the crime. State v. Overfelt, 457 So.2d 1385, 1387 (Fla. 1984); State v. Smith, 462 So.2d 1102 (Fla. 1985). Use of a firearm is not an essential element of third degree murder. Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982). Further, the jury did not specifically find Vause used a firearm during the murder. Therefore, it can be seen the trial court committed error in aggravating Vause's sentence. This error is not cured, as the State contends, by virtue of the fact that Vause was simultaneously convicted of two counts involving the use of a firearm. Streeter v. State, supra (jury's verdicts on Counts III and IV that defendant possessed a weapon during the commission of the felonies charged in counts I and II, second degree murder and attempted second degree murder respectively, did not supply the trial court with a basis to reclassify Counts I and II).
The question then becomes could Vause have raised the sentencing error he now asserts in his direct appeal and, if so, is the error still cognizable under Rule 3.850 because it amounts to fundamental error. Rule 3.850 allows relief where there has been a change in the applicable law. See, Witt v. State, 387 So.2d 922 (Fla. 1980). Vause contends that State v. Overfelt, supra, represents the change of law applicable to the instant case. It is true that State v. Overfelt was not decided until after Vause's direct appeal to this court; however, Streeter v. State, supra, upon which the decision in Overfelt was based, was rendered on 13 July 1982. This was five months prior to the issuance of the opinion on Vause's direct appeal. Hence, arguably the contention now raised was available to Vause at the time of his direct appeal.
Turning to the question of fundamental error, Reynolds v. State, 429 So.2d 1331, 1333 (Fla. 5th DCA 1983), specifically states: "An erroneous application of the three year mandatory minimum sentence would constitute a fundamental sentencing error." Accord, Lawson v. State, 400 So.2d 1053 (Fla. 2d DCA 1981) (unlawful imposition of three-year minimum sentences upon defendant constitutes fundamental error); Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984) (improper imposition of a mandatory minimum sentence, because of its inherent potential of causing or requiring a defendant to be incarcerated or restrained for a greater length of time than provided by law in the absence of sentencing error, constitutes fundamental error); Pettis v. State, 448 So.2d 565 (Fla. 4th DCA 1984); Cisnero v. State, 458 So.2d 377 (Fla. 2d DCA 1984); Hough v. State, 448 So.2d 628 (Fla. 5th DCA 1984).
Based on the foregoing cases and the general rule that fundamental errors may be raised for the first time in a Rule 3.850 motion, notwithstanding the fact that the error could have been raised on direct appeal, Stephens v. State, 478 So.2d 419 (Fla. 3d DCA 1985), we reverse the trial court's denial of Vause's Rule 3.850 motion.
Reversed and remanded.
THOMPSON, J., concurs.
BOOTH, C.J., dissents without opinion.