513 So.2d 1298 (1987)
George Milton LUTTRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2632.
District Court of Appeal of Florida, Second District.
September 16, 1987.
Rehearing Denied October 22, 1987.
*1299 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant challenges the trial court's denial of his motion for postconviction relief. We affirm.
Appellant first contends that his sentence for attempted second-degree murder is illegal in that it should not have been enhanced from a second-degree felony to a first-degree felony because the jury did not specifically find that he used a weapon in the commission of the offense. This point is without merit because the jury's verdict specifically referred to the information which charged appellant with attempted first-degree murder with a firearm. See Alejo v. State, 483 So.2d 117 (Fla. 2d DCA 1986) (defendant's sentence for second-degree murder could not be enhanced to life felony where jury's verdict neither referred to use of weapon nor mentioned information which charged defendant with use of knife on commission of offense). Accordingly, the trial court was correct in denying this part of appellant's motion.
Appellant next contends that the trial court erred in limiting the evidentiary hearing on his motion to only one of thirty-two allegations of ineffective assistance of counsel. We have examined the allegations and conclude that they are facially insufficient in that they do not fulfill the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and Knight v. State, 394 So.2d 997 (Fla. 1981). Accordingly, we affirm the trial court's summary denial of these allegations.
CAMPBELL, A.C.J., and FRANK, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.