515 So.2d 309 (1987)
Anthony LAMARCA, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2609.
District Court of Appeal of Florida, Third District.
November 3, 1987.
*310 Bennett H. Brummer, Public Defender and Jeffrey P. Raffle, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Steven T. Scott, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and BASKIN, JJ.

REVISED OPINION
BARKDULL, Judge.
This appeal by the defendant, Anthony Lamarca, is from judgments of conviction and sentences for the crimes of kidnapping with a deadly weapon and attempted sexual battery with a weapon. We affirm in part and reverse in part.
On February 16, 1984, the prosecutrix herein entered a restroom at the Aventura Mall in northern Dade County. She was combing her hair when the defendant entered the restroom. Upon being informed he was in the ladies room the defendant left. As the prosecutrix started to leave the restroom, the defendant returned and pulled out a medium sized kitchen knife, pointed it at her and forced her into the last stall in the restroom. Thereupon he attempted to commit a sexual battery upon the prosecutrix. On one occasion during the act someone entered the restroom whereupon the defendant ceased his attack and admonished the prosecutrix to remain silent. On another, the defendant and the prosecutrix became aware of another person in the next stall. At this point the prosecutrix grabbed the knife, threw it outside the stall and started to scream. The defendant threw her against the wall and started choking her. He told her to shut up. When he released her the prosecutrix started screaming again, and the defendant ran from the restroom. He was seen pulling up his pants as he ran from the restroom. The defendant was caught by the mall security guards and turned over to the police. The defendant was charged and tried for attempted sexual battery with a weapon and kidnapping with a weapon. The defendant moved for a judgment of acquittal on the kidnapping charge on the basis that the evidence showed the movement and confinement of the prosecutrix was merely incidental to the attempted sexual battery. This motion was denied. The jury returned verdicts of guilty as charged to both offenses. In returning a verdict of guilty as charged on the kidnapping charge the jury failed to make a specific finding as to whether or not a weapon was used. Furthermore, the trial court in its charge to the jury failed to explain the jury's obligation to make a finding as to whether or not a weapon was used, failed to define the use of a weapon as an element of the crime charged and failed to explain the effect of such a finding or the lack thereof in terms of degree or penalty. The trial court adjudicated the defendant guilty of attempted sexual battery. It also reclassified the kidnapping pursuant to Section 775.087(1)(a) Florida Statutes (1983) to kidnapping with a weapon, a life felony. At sentencing the next day, the trial judge notified counsel for both sides that the prosecutrix had previously sought legal advice from the judge's son regarding a possible civil action against the mall's owners arising out of this incident and the trial judge offered to recuse himself from the sentencing in this case. The defendant moved for a new trial alleging this information along with other newly acquired information, which revealed that the prosecutrix had in fact filed suit against the mall, and that said evidence further buttressed the defense at trial that the prosecutrix had falsely accused him of a crime in order to bring a civil suit. Thereupon the trial judge recused himself and another judge was assigned to hear the motion for new trial and for sentencing. The motion for new trial was denied. At sentencing, the guidelines score sheet totaled *311 317 points with a recommended range of 12 to 17 years. However, the trial court departed from the guidelines and sentenced the defendant to life imprisonment setting forth the following reasons for departure.
"1. The defendant, by committing such an extremely serious and violent crime so soon after his release from prison, has demonstrated that he is incapable of conforming his conduct to the requirements of law. The defendant has also demonstrated that he has become a danger to society.
2. The defendant exhibited a great degree of premeditation by entering a women's restroom, armed with a knife, in order to commit a sexual battery.
3. The defendant committed these crimes in a particularly cruel manner by toying with the victim; telling her he would let her go only to resume his assault.
4. The defendant has shown no remorse during the trial or after conviction."
On appeal the defendant alleges error in the trial court's denial of his motion for acquittal and his motion for new trial. He also alleges error in the trial court's reclassification of the kidnapping to a life felony and in its departure from the sentencing guidelines.
We find no error in the orders denying the motions for judgment of acquittal and for new trial. The facts of this case show that the movement of the prosecutrix from the sink area to the last stall in the restroom was not incidental to the attempted sexual battery, it was not necessary to move her to commit the act of sexual battery, and finally it clearly reduced the risk of detection. Therefore, this case is governed by Faison v. State, 426 So.2d 963 (Fla. 1983).
As to the motion for new trial, the alleged new evidence could have been discovered before trial and said evidence goes to the credibility of the victim which cannot be the basis of a new trial. See Clark v. State, 379 So.2d 97 (Fla. 1979).
However, we do find error in the trial court reclassifying the kidnapping offense from a first degree felony to a life felony and in departing from the sentencing guidelines. In absence of a specific jury finding that the defendant used a weapon during the kidnapping, the trial court cannot enhance the crime to a life felony. See State v. Overfelt, 457 So.2d 1385 (Fla. 1984); Lopez v. State, 470 So.2d 58 (Fla. 3d DCA 1985). We recognize the exception thereto in Fischer v. State, 488 So.2d 145 (Fla. 3d DCA 1986), but we find that case not to be applicable under the facts of the instant case.
In departing from the sentencing guidelines herein, the trial court, as conceded by the state, gave both valid and invalid reasons for said departure. Inasmuch as we cannot say beyond a reasonable doubt that the absence of the invalid reasons would not have affected the sentence imposed herein, we are required to remand for resentencing. See Lerma v. State, 497 So.2d 736 (Fla. 1986); Albritton v. State, 476 So.2d 158 (Fla. 1985).
Based on the foregoing, the adjudications of guilt based upon the jury verdicts are affirmed. Inasmuch as the sentence on the kidnapping count must be reversed, we hereby vacate all the sentences imposed herein and the matter is returned to the trial court for resentencing.
Affirmed in part, reversed in part and remanded.