523 So.2d 704 (1988)
Benny Lee DOUGLAS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2316.
District Court of Appeal of Florida, Second District.
April 6, 1988.
James Marion Moorman, Public Defender, and W.H. Pasch, Asst. Public Defender, Bartow, for appellant.
*705 Robert A. Butterworth, Atty. Gen., and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Douglas alleges the trial court erred in reclassifying his conviction for attempted first-degree felony murder from a felony of the first degree to a life felony. We agree and remand for correction of the judgment.
Douglas was charged in a two-count information with attempted first-degree murder, a first-degree felony, and armed robbery. In addition to listing the statutes establishing the substantive offense under count I, the information listed Florida Statute Section 775.087.[1] Following a jury trial, Douglas was convicted of attempted first-degree felony murder, a lesser included offense to that charged under count I, as contained in the trial court's instructions to the jury. The jury further found Douglas guilty of armed robbery as charged under count II. Pursuant to section 775.087(1)(a), Florida Statutes (1985), the trial court reclassified Douglas' first-degree conviction under count I to a life felony.
The reclassification statute requires a finding that during the commission of the felony sought to be reclassified, Douglas carried, displayed, used, threatened or attempted to use any weapon or firearm. § 775.087(1), Fla. Stat. (1985). In interpreting that statute, the supreme court has held that the jury and not the trial court must make the factual determination that a weapon was used during the commission of the offense sought to be reclassified. State v. Overfelt, 457 So.2d 1385 (Fla. 1984). Id. In so ruling, the supreme court has rejected such a finding when it is made by the trial court during the sentencing phase based on the record.
Where, as here, the offense of attempted first-degree felony murder does not necessarily involve a weapon, the approved method for obtaining such a finding from the jury (i.e., that a weapon was used) is by including that precise question on the special verdict form for that offense. Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982), cited with approval in Overfelt. We note that this court has upheld an enhancement from a second-degree to a first-degree felony based on the jury's reference in the verdict form to the information charging defendant with attempted first-degree murder with a firearm. Luttrell v. State, 513 So.2d 1298 (Fla. 2d DCA 1987).
The record in this case reflects that the special verdict form used for the charge of attempted first-degree murder (count I) does not contain an interrogatory inquiring as to the use of a weapon during the occurrence of the offense as charged or during the commission of the lesser included offense of attempted first-degree felony murder. Nor from the record before us does the jury appear to have been orally instructed by the trial court to make such a determination. By contrast, the verdict form submitted to the jury on the armed robbery charge (count II) did require the jury to make such a finding: "and we further find in the course of committing Robbery the Defendant"; this phrase was followed by three boxes providing the jury with the choices of "carried a deadly weapon (the jury's selection)," "carried a weapon" and "carried no weapon."
The state's argument that the finding by the jury that a weapon was used under count II can be used to reclassify Douglas' offense under count I was rejected by Streeter. See also Vause v. State, 502 So.2d 511 (Fla. 1st DCA 1987), review denied, 511 So.2d 1000 (Fla. 1987) (simultaneous convictions of two counts involving use of firearm and third-degree murder *706 count do not supply predicate to reclassify murder charge).
We, therefore, remand the case to the trial court to correct the judgment to reflect that Douglas was convicted of a first-degree felony, not a life felony, under count I. We note that Douglas' sentence is not affected by this conclusion, since even without the additional points for a life felony, his presumptive sentence under the sentencing guidelines would permit a 22-year prison term, which is the sentence he received. Nonetheless, on remand, Douglas' scoresheet should also be corrected so as to omit the life felony points (29), since the additional points adversely affect Douglas' prior record for purposes of future sentencing.
Remanded to the trial court for correction of the judgment and sentencing guidelines scoresheet. The defendant is not required to be present for this purpose.
HALL, A.C.J., and THREADGILL, J., concur.
NOTES
[1] 775.087 Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence. 

(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.