531 So.2d 990 (1988)
Kenneth Blair HARTLEY, Etc. Appellant,
v.
STATE of Florida, Appellee.
No. 87-1955.
District Court of Appeal of Florida, First District.
September 13, 1988.
Rehearing Denied October 18, 1988.
No appearance for appellant.
Robert A. Butterworth, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Kenneth Blair Hartley appeals from an order summarily denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We find the trial court correct in concluding the issues raised by Hartley in his 3.850 motion do not entitle him to post-conviction relief, but we remand to the trial court for correction of the sentencing guidelines scoresheet and judgment.
Hartley pleaded guilty on 19 January 1987 to manslaughter and use of a firearm during the commission of a felony. His sentencing guidelines scoresheet showed the primary offense at conviction to be a first-degree felony and the additional offense at conviction a second-degree felony. This made for a total score of 152, and a presumptive sentence of 7 to 12 years' incarceration. The written judgment, however, denominated the manslaughter offense as a second-degree felony, and the use of a firearm during the commission of a felony offense as a third-degree felony. Hartley was sentenced to ten years in prison for manslaughter and to a concurrent one-year prison term for the firearm offense. The trial court also imposed the three-year mandatory minimum sentence pursuant to Section 775.087(2), Florida Statutes.
As grounds for relief, Hartley argued in the 3.850 motion that the sentencing guidelines scoresheet was improperly calculated. He contended the manslaughter charge should have been scored as a second-degree felony and the use of a firearm during the commission of a felony charge scored as a third-degree felony. This would have resulted in a total score of 87 points, for a presumptive sentence of community control or 12 to 30 months' incarceration. Hartley further charged that this error deprived the trial court of jurisdiction to impose the ten-year sentence, and that his trial counsel was ineffective in failing to raise the issue below.
The trial court denied the motion without evidentiary hearing on the basis that Hartley entered into a negotiated plea wherein *991 he agreed to the imposition of the sentence now challenged. The court attached to the order denying the motion a copy of the plea agreement form together with excerpts from the plea hearing transcript. The plea form shows appellant agreed to a ten-year prison term as to manslaughter and to a concurrent one-year term for possession of a firearm during the commission of a felony. In exchange for the plea, Hartley was allowed to plead to manslaughter instead of second-degree murder as originally charged. A third count was simply dropped.
We note initially that the judgment should be corrected so as to strike imposition of the three-year mandatory minimum sentence imposed pursuant to section 775.087(2). Our Supreme Court has held that there is "no basis for application of the mandatory minimums to manslaughter convictions." Murray v. State, 491 So.2d 1120 at 1123 (Fla. 1986). Although this issue was not raised by appellant, erroneous imposition of the three-year mandatory minimum is fundamental error. Vause v. State, 502 So.2d 511 (Fla. 1st DCA), review denied, 511 So.2d 1000 (Fla. 1987). Fundamental error may be addressed sua sponte. Hoover v. State, 511 So.2d 629 (Fla. 1st DCA 1987). We therefore remand with instructions that the trial court delete the mandatory minimum sentence.
Next, Hartley could not properly be sentenced for manslaughter and use of a firearm during commission of the manslaughter. Instead, the trial court was required to reclassify the manslaughter offense (normally a second-degree felony) to a first-degree felony, and not to adjudicate appellant guilty of the possession of a firearm offense. McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988). We therefore remand for the trial court to correct the scoresheet and judgment to reflect an adjudication of guilt for a single first-degree felony. We note, however, that this correction will not require resentencing because the resulting score still places appellant in the 7 to 12 year recommended range.
REMANDED for correction of judgment and scoresheet.
BOOTH and BARFIELD, JJ., concur.