PER CURIAM.
Anthony La Marca appeals the denial of his second motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part. Because the claimed errors were either raised previously on appeal, La Marca v. State, 515 So.2d 309 (Fla. 3d DCA 1987), or in defendant’s initial motion for post-conviction relief,[1] the issues presented are proeedurally barred from consideration. See Kennedy v. State, 547 So.2d 912 (Fla.1989); Aldridge v. State, 503 So.2d 1257 (Fla.1987); Booker v. State, 503 So.2d 888 (Fla.1987); Darden v. State, 496 So.2d 136 (Fla.1986); Adams v. State, 484 So.2d 1216 (Fla.1986); Archie v. State, 496 So.2d 976 (Fla. 3d DCA 1986).
However, the trial court erred in ruling that defendant may not file additional 3.850 motions.[2] Aikens v. State, 488 So.2d 543 (Fla. 1st DCA), review denied, 496 So.2d 143 (Fla.1986); Stephens v. State, 478 So.2d 419, 420 (Fla. 3d DCA 1985); Fla.R. Crim.P. 3.850 (successive motion may be dismissed where it fails to allege new or different grounds and prior determination was on the merits, or if new or different grounds are alleged and judge finds that failure to assert grounds constitutes an abuse of procedure); cf. Adams v. State, 484 So.2d 1216 (Fla.1986) (successive motion barred as abuse of procedure governed by the rules where claims were ruled upon in previous 3.850 motion or were or should have been raised on direct appeal). Thus, we reverse that portion of the order.
Affirmed in part; reversed in part.

. This court affirmed the denial of defendant’s first motion for post-conviction relief. La Marca v. State, 531 So.2d 1357 (Fla. 3d DCA 1988).

. The state concedes error on this point,