597 So.2d 431 (1992)
James Luchion CHAPMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02272.
District Court of Appeal of Florida, Second District.
April 24, 1992.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Hollywood, for appellee.
DANAHY, Judge.
In this appeal from a conviction and sentence for attempted second degree murder, the appellant raises only a sentencing error. He contends that the trial court erred in reclassifying his offense from a second degree felony to a first degree felony based on the use of a weapon pursuant to section 775.087(1), Florida Statutes (1989). We agree and reverse because the jury did not make the required factual finding that a weapon was used; thus, there is no predicate *432 upon which the court could base the reclassification and the enhanced sentencing.
The amended information charging the appellant stated that the offense he committed was
ATTEMPTED SECOND DEGREE MURDER WITH A DEADLY WEAPON FLORIDA STATUTE: 782.04/777.04 SECOND DEGREE FELONY
First
The word "First" was the only word handwritten on the information. At trial, the appellant testified that he and his wife were engaging in a heated argument and when she told him she was going to get a divorce, he grabbed a large knife and stabbed his wife in a fit of jealous rage fueled by alcohol. His only defense was that he was drunk, that he snapped during the argument, and that he did not intend to harm her. On the verdict form which was submitted to the jury, the item checked off by the jury read as follows: "(a) The Defendant is guilty of attempted second degree murder." The question presented in this appeal is whether such minimum finding by the jury triggers the enhancement provisions of section 775.087(1).
The controlling case on this issue is State v. Overfelt, 457 So.2d 1385 (Fla. 1984). In Overfelt, the defendant had been charged with, inter alia, two counts of attempted first degree murder. The jury found the defendant guilty of the lesser included offenses of attempted third degree murder on one count and aggravated assault on the other. The trial court reclassified the attempted third degree murder to a higher degree felony pursuant to section 775.087(1) based on the use of a weapon and also applied the minimum mandatory sentencing provision of section 775.087(2). The district court reversed both the reclassification and minimum mandatory portions of the sentencing order. The supreme court stated the following:
The district court held, and we agree, "that before a trial court may enhance a defendant's sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating." [Overfelt v. State], 434 So.2d 945 at 948 [(Fla. 4th DCA 1983)]. [Other citations omitted.] The question of whether an accused actually possessed a firearm while committing a felony is a factual matter properly decided by the jury. Although a trial judge may make certain findings on matters not associated with the criminal episode when rendering a sentence, it is the jury's function to be the finder of fact with regard to matters concerning the criminal episode. To allow a judge to find that an accused actually possessed a firearm when committing a felony in order to apply the enhancement or mandatory sentencing provisions of section 775.087 would be an invasion of the jury's historical function and could lead to a miscarriage of justice in cases such as this where the defendant was charged with but not convicted of a crime involving a firearm.
457 So.2d at 1387; accord Luttrell v. State, 513 So.2d 1298 (Fla. 2d DCA 1987) (citing Alejo v. State, 483 So.2d 117 (Fla.2d DCA 1986), for rule that sentence enhancement disallowed where jury's verdict neither referred to use of weapon nor mentioned information which charged defendant with use of knife). Although the evidence at trial was undisputed that a knife was used in the instant case, the jury did not find as a fact that the appellant had committed an offense involving the use of a weapon either by referring to the information which contained a reference to the weapon or by specifically referring to the use of a weapon in its verdict. Accordingly, it was error for the trial court to reclassify the second degree felony for which the appellant was convicted to a first degree felony.
We affirm the conviction but reverse the sentence and remand for resentencing in accordance with this opinion.
SCHOONOVER, C.J., and CAMPBELL, J., concur.