FARMER, Judge,
dissenting.
There are two separate and distinct culpable negligence offenses under section 784.-05(1) and (2), Florida Statutes (1991). Under subsection (1), exposing another to personal injury is a second degree misdemeanor; under subsection (2), inflicting personal injury on another is a first degree misdemeanor. The penalties are significantly different: 1 year incarceration, as opposed to 60 days.
Where both forms of culpable negligence are lesser included offenses of the crime actually charged and the state is concerned that the jury have the option to convict under the more serious one instead of the other, then the prosecutor need only request a special interrogatory verdict as to that issue. Of course, when the only crime charged is a homicide, as here, the state may make a tactical decision not to request such a verdict form.
In this case, defendants were charged by indictment with manslaughter. At trial the state adduced evidence that defendant and his codefendant struck and kicked the victim, who later died from hemorrhaging in the back of the neck. Expert testimony showed that a punch or kick to that area ruptured blood vessels, leading to death. The trial judge instructed the jury on lesser included offenses, including both of the culpable negligence offenses described above.
In the written instructions, the court hand-wrote “or” between these two lesser offenses, thus indicating that the jury could consider either one. The state requested no special interrogatory verdict form and failed to object to the general form used. The jury returned a general verdict of guilty of culpable negligence “as charged in the information [sic, e.s.].”[1] But, of course, culpable *528 negligence had not been charged in the indictment.
At sentencing the state argued for 1 year incarceration, while the defendants argued that only the lesser penalty of 60 days could be imposed. The trial court agreed with the state and sentenced both defendants to 1 year. Both defendants appeal the sentence as illegal, and also that restitution was improper. I agree with them on the sentences and dissent from the affirmances.
I believe that the rationale of State v. Overfelt, 457 So.2d 1385 (Fla.1984), controls this issue. There the court ruled, in effect, that the sentence is governed by the jury verdict. If a more serious penalty sought to be imposed requires the finding of a specific fact connected with the criminal episode, then unless the jury verdict carries a specific finding of that fact the more serious penalty cannot be imposed.
In that case, the use of a firearm in convictions for attempted third degree murder and aggravated assault would have allowed an enhancement to the next higher degree of felony. Because the verdict form was silent as to the use of the firearm, the enhanced penalty could not validly be imposed, even if all the evidence showed without contradiction that the defendants used a firearm. As the court explained:
“Although a trial judge may make certain findings on matters not associated with the criminal episode when rendering a sentence, it is the jury’s function to be the finder of fact with regard to matters concerning the criminal episode. To allow a judge to find that an accused actually possessed a firearm when committing a felony in order to apply the enhancement or mandatory sentencing provisions * * * would be an invasion of the jury’s historical function and could lead to a miscarriage of justice in cases such as this where the defendant was charged with but not convicted of a crime involving a firearm.”
457 So.2d at 1387.
Similarly, for this sentencing judge to decide that the jury really meant the more serious culpable negligence to the exclusion of the less serious one, even though its verdict was general as to that entire lesser included offense, would equally invade the province of the jury. It would allow the court to make a factual determination about the criminal episode, rather than merely about the defendant’s criminal history affecting the sentencing decision. It would disregard the traditional grace of the “jury pardon.”
Because I am unable to distinguish this case from the Overfelt rationale, I must dissent with regard to our affirmance of the sentence. I agree, however, with our affir-mance of the restitution order.

. Because the defendants were charged by indictment and not by information, I think we are compelled to disregard the words "as charged in the information.” Even if we were to indulge the notion that "information” is synonymous *528 with "indictment," that still does not overcome the fact that the indictment charged only manslaughter, and omitted to mention culpable negligence. And even if that hurdle were surmounted, I still do not see how in either case the jury’s. general culpable negligence verdict can be converted to a specific finding that the defendants inflicted actual injury, as opposed to merely exposing the victim to injury.