WARNER, C.J.
Appellant, Patricia Ryan, challenges the order revoking her sentence and denying her motion to correct an illegal sentence. Relying on State v. Overfelt, 457 So.2d 1385 (Fla.1984), she claims that since the jury in her original trial did not determine that she engaged in a criminal offense while in possession of a firearm, her subsequent sentence which reflected an enhancement for possession of a firearm was illegal. Because her trial was held prior to Overfelt, we will not apply it retroactively. *435 We thus affirm the order of revocation and sentence.
In 1981 Ryan was charged with two criminal counts: (1) trafficking in cocaine; and (2) engaging in a criminal offense while possessing a firearm. Firearms were admitted at her trial, and both the state and the defense used the term “firearm” interchangeably with “weapon” throughout the trial. They agreed at the charge conference that if Ryan were found guilty of having a weapon, it would be a third degree felony with a five year maximum sentence, but if she were found guilty of having a firearm it would be a second degree felony with a fifteen year maximum sentence. The court did not instruct on the lesser charge but gave only the instruction required for conviction for possession of a firearm under section 790.07(2), Florida Statutes (1982), including informing the jury that the maximum penalty for a conviction would be fifteen years. The verdict form gave the jury only two choices: “not guilty” and “guilty of persons engaged in criminal offense having weapons.” The jury found Ryan guilty of the weapons crime and checked the appropriate box. After the verdict, a judgment was entered convicting Ryan on count II as having “engaged in criminal offense having weapons” and classifying it as a third degree felony. The sentence, on the other hand, for count II was fifteen years of probation, consistent with the court having adjudicated Ryan as guilty of a second degree felony for possession of a firearm. We have not been favored with a transcript of the sentencing hearing to determine the oral pronouncement of sentence.
Ryan appealed her conviction and sentence but did not raise the discrepancy between the jury’s findings and the judgment and sentence. On other grounds, this court reversed the conviction and remanded for a new trial. See Ryan v. State, 457 So.2d 1084 (Fla. 4th DCA 1984). Subsequently, Ryan entered a plea of nolo contendere on both counts. Adjudication was withheld and Ryan was placed on fifteen years probation on count II, which was listed in this second judgment and sentence as a second degree felony, not a third degree felony.
In 1996, the Department of Corrections filed an affidavit of violation of probation, including violations for failure to file monthly reports and relocating without the permission of her probation officer. Ryan filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 to correct an illegal sentence and to vacate her plea as not being voluntary. This was identical to a motion which she had filed in 1992. That motion resulted in a stipulation correcting the sentence by giving her additional time served credit. The second motion was denied because it was not sworn and also because it was beyond the two-year limitation for rule 3.850 motions. The order of denial was appealed to this court. We affirmed without opinion. On a motion for rehearing, Ryan, for the first time, raised the claim that her sentence on count II was illegal because her original judgment found her guilty of a third degree felony for possession of a weapon, but sentenced her to 15 years, as if she had been convicted of possession of a firearm, a felony in the second degree. We denied the motion for rehearing.
Prior to the hearing on the violation of probation, Ryan filed a motion to correct an illegal sentence, raising in the trial court the contention that she was unlawfully sentenced to a second degree felony when she had only been convicted of a third degree felony. The trial court denied this motion, concluding that this court had denied relief on this very same basis, and the law of the case doctrine would apply. It then conducted the violation of probation hearing, found Ryan in violation, and sentenced her to a year in the Martin County jail. From this judgment Ryan appeals.
In this appeal, Ryan argues that because the jury verdict and the original judgment found her guilty of a weapons *436 crime instead of a firearms crime, her sentence of fifteen years was illegal as it exceeded the maximum sentence for a third degree felony, relying on Overfelt, 457 So.2d at 1385.[1] That case held that before a trial court can enhance a defendant’s sentence or apply a mandatory minimum sentence for use of a firearm, the jury must either find a defendant guilty of a crime which involves a firearm or must answer a specific interrogatory respecting the use of a firearm. Overfelt, however, does not apply for two reasons. First, it dealt with enhancement statutes in which the court determines to apply an enhanced sentence based upon the jury’s findings. The statute in the instant case is not an enhancement but defines a separate crime involving weapons. Second, Overfelt was decided after both the trial and appeal of the first trial in this case. Therefore, we would be applying it retroactively to the verdict rendered in the original trial of this case. We find that retroactive application of Overfelt is not compelled by Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980) as it is a nonconstitutional evolutionary refinement of the law with respect to specific factual findings required by juries.
Before Overfelt, a few opinions on the subject had concluded only that in reclassification offenses the jury should make findings that a weapon was used, see, e.g., Streeter v. State, 416 So.2d 1203, 1206 (Fla. 3d DCA 1982); Bell v. State, 394 So.2d 570, 571 n. 3 (Fla. 5th DCA 1981), and one held that the jury was not required to make any specific finding at all. See Tindall v. State, 443 So.2d 362, 363 (Fla. 5th DCA 1983). In the instant case the jury was instructed on a firearm offense, and the verdict form permitted the jury to determine that a weapon was used. The jury made this finding with full knowledge that it carried a maximum term of imprisonment of fifteen years, which was the sentence for a conviction under section 790.07(2). The defendant agreed both to the jury instructions and the verdict form. Even if Overfelt were applied, we would conclude that the jury made a finding which, based on the jury instructions given, had to amount to a jury finding that the weapon used was a firearm. This is not a situation where no finding was made, or where the jury was given an option of finding that either a weapon or a firearm was used.
While the original judgment of conviction erroneously listed count II as a third degree felony, the sentence, which Ryan did not appeal, was clearly one for a second degree felony. We conclude that a mere clerical error in the written judgment was made, as Ryan must have also conceded by the fact that she voluntarily agreed to plead to the firearm charge after remand and to the same sentence which the court had pronounced in connection with the original judgment. Thus, we conclude that the sentence is not illegal and affirm the judgment.
POLEN and GROSS, JJ., concur.

. We address this issue rather than rely on our affirmance of Ryan's prior postconviction relief motion, because the claim in the instant case goes to the jury’s verdict rather than the written judgment.