GROSS, J.
Appellant was convicted of sexual activity "with a seventeen-year-old minor in violation of section 794.05(1), Florida Statutes (2001).[1] He argues that the trial court erred in finding penetration for the purpose of completing his sentencing guidelines scoresheet, because it is contrary to State v. Overfelt, 457 So.2d 1385 (Fla.1984). We affirm, but certify the question as one of great public importance.
Briefly, the facts were that the victim testified that she had consensual sexual intercourse with appellant. Appellant denied actual penetration. He was convicted. At sentencing, he argued that the jury did not make a specific finding of penetration and the crime could have been committed by “penetration . by, or union with,” the sexual organ of another. § 800.04(l)(a), Fla. Stat. (2001). Therefore, he argued only 40 points should be assessed on the scoresheet for sexual contact, and not the 80 points assessed for penetration. With 40 points for sexual contact, the lowest permissible sentence would have been 36 months in prison. With 80 points for penetration, the lowest permissible sentence was 66.15 months, which the trial court imposed.
Overfelt and its progeny do not control this case. Overfelt was concerned with two statutory provisions: Section 775.087(1) and (2), Florida Statutes (1983). Section 775.087(1) increases the maximum sentence a court can impose when a defendant uses a firearm during the commission of a felony; for example, when the statute applies, a third degree felony is reclassified as a second degree felony. Section 775.087(2) involves a mandatory minimum sentence for the possession of a firearm during the commission of certain felonies.
The supreme court has characterized the Overfelt line of cases as requiring “a specific jury finding that a defendant used a firearm or weapon in the commission of an offense before a trial court may enhance the defendant’s sentence or apply a mandatory minimum sentence for the de *1136 fendant’s use of a firearm or weapon in the commission of the offense.” State v. Estevez, 753 So.2d 1, 4 (Fla.1999).
This case involved neither an “enhancement” nor a “mandatory minimum” sentence, as the supreme court used those terms in Overfelt and Estevez. As a result of the finding of penetration on the guidelines scoresheet, the degree of the felony of which appellant was convicted did not rise. Nor did appellant receive a mandatory minimum sentence. The finding resulted only in placement in the scoresheet cell which set forth a range of sentence within the maximum sentence allowed for a second degree felony. Under the sentencing guidelines, the judge theoretically could have imposed a downward departure sentence. See Fla. R.Crim. P. 3.704(d)(27).
Traditionally, judges have taken various facts into consideration when imposing sentence. One function of the sentencing guidelines is to incorporate certain types of facts, the ones sentencing judges would likely consider, into the scoresheet to achieve uniformity in sentencing. For sexual offenses, the scoresheet characterizes the victim’s physical injury into four types: no contact, contact but no penetration, penetration or' slight injury, death or serious injury. See Fla. R.Crim. P. 3.988(b). When sentencing for a sexual offense, these are the types of facts judges have traditionally taken into consideration, even though they might come from observations at a trial or from a presentence investigation. We do not read Overfelt and Estevez as requiring that such factors be submitted to a jury, where they do not increase the degree of the felony or result in the imposition of a mandatory minimum sentence.
Judge Klein’s dissent demonstrates that this area is not entirely clear. We therefore certify the following question as one of great public importance:
DOES STATE V. OVERFELT, 457 So.2d 1385 (Fla.1984) REQUIRE THE JURY TO FIND PENETRATION FOR THE PURPOSE OF ASSESSING VICTIM INJURY POINTS?
SHAHOOD, J., concurs.
KLEIN, J., dissents with opinion.

. Section 749.05(1) defines sexual activity as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another....” (Emphasis added).