KLEIN, J.,
dissenting.
This is the first case I have seen in which the appellant admits that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) does not require the-jury to make the finding of fact and rests his entire argument on State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984), in which our supreme court stated:
The district court held, and we agree, “that before a trial court may enhance a defendant’s sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating.” [Overfelt v. State] 434 So.2d [945] at 948 [ (Fla. 4th DCA 1983) ].... The question of whether an accused actually possessed a firearm while committing a felony is a factual matter properly decided by the jury. Although a trial judge may make certain findings on matters not associated with the criminal episode when rendering a sentence, it is the jury’s function to be the finder of fact with regard to matters concerning the criminal episode, (emphasis added.)
Our supreme court followed Overfelt in State v. Estevez, 753 So.2d 1 (Fla.1999), holding that the jury must make the finding as to the amount of cocaine, when the amount is the basis of a mandatory minimum. In Estevez our supreme court quot *1137 ed from Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), to the effect that when a judge finds a fact by a preponderance of the evidence, which increases the penalty, it implicates both due process and the right to jury trial. Estevez, 753 So.2d at 5.
In the present case the finding of penetration during the criminal episode resulted in an additional minimum sentence of thirty months. In Overfelt the finding that a weapon had been used during the criminal episode resulted in a minimum mandatory sentence of three years. If the latter must be found by a jury, it follows that so must the former. I therefore dissent.