SHEVIN, Judge.
Patricio Enrique Nino, appeals judgments of conviction and sentences for attempted sexual battery and kidnaping. We affirm.
On July 28, 1996, Nino entered a McDonald’s Restaurant, ordered a soda, proceeded to stare down two females employees, and left. Two hours later, the victim, a female employee, went to check and clean the restrooms. As she opened the door to the women’s restroom, she immediately saw stains on the wall, closed the door, and retreated back to the restaurant to get something to clean the walls. The women’s restroom door opened and the victim saw Nino standing inside. At first, she thought that he had accidentally gone into the wrong restroom. The victim started backing away as Nino approached her. As she turned around, he forcefully grabbed her arm and attempted to pull her back into the women’s restroom against her will. She clung to the wall until Nino grabbed her other arm and dragged her inside the restroom. She screamed for help; Nino threatened to kill her if she did not stop screaming. Once inside, Nino forcibly threw the victim down on the floor, bruising her knee. He held her down with one arm and put the other arm over her mouth, cutting off her air supply to the point where she became dizzy. He then pulled up her shirt and bra, fondled her breasts, and proceeded to pull down her pants and underwear. Nino began to touch the victim around her vagina and allegedly penetrated her vagina with his finger.
The victim finally freed herself and ran out of the restroom with her pants and underwear down around her knees. She *530 was hysterical and explained what had occurred to the police. The victim identified Nino as her assailant. The detective testified that when Nino came out of the restroom, “He made a remark to the effect of feeling sorry for what he did, and didn’t know why he did it, or why he had done it, what he had done.” (R/ at Vol. Ill p. 414).
Nino was charged with sexual battery and first-degree kidnaping. The detective also testified at trial that Nino waived his Miranda rights, recounted some of the events, but “wouldn’t give me any further details.” The court denied Nino’s motion for mistrial which alleged that this statement was a comment on his right to remain silent. Nino also moved for judgment of acquittal on the sexual battery charge, arguing that there was no physical evidence of penetration, and that motion was denied. The court also denied Nino’s motion for judgment of acquittal on the kidnaping charge which asserted that any confinement or movement of the victim was “merely incidental” to the attempted sexual battery. Nino was convicted of kid-naping and attempted sexual battery.
Nino alleges error in the trial court’s denial on his motion for judgment of acquittal on the kidnaping count and his motion for mistrial on the detective’s statement, “he wouldn’t give me any further details.”
Subsection 787.01(l)(a)(2), Florida Statutes (1995), defines kidnaping as “forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, unth the intent to: 2. Commit or facilitate commission of any felony.” (Emphasis added).
We agree that a literal construction of the kidnaping statute could convert every forcible felony into kidnaping. To avoid this pitfall, in Faison v. State, 426 So.2d 963, 965 (Fla.1988), the Florida Supreme Court established three requirements to determine if a movement or confinement “alleged to have been done to facilitate the commission of another crime” constitutes kidnaping.
[T]he resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison, 426 So.2d at 965. (emphasis added).
The facts of this case are very similar to those of Lamarca v. State, 515 So.2d 309 (Fla. 3d DCA 1987), where the defendant moved the victim from the sink area to the last stall of the women’s restroom and attempted to commit sexual battery. In Lamarca, this court correctly upheld the trial court’s denial of judgment of acquittal on kidnaping because the movement of the victim satisfied the three requirements of Faison. Id.
Applying the Faison requirements to the facts of this case, we hold that there is sufficient evidence to justify the denial of Nino’s motion for judgment of acquittal. Nino used substantial force and violence to overcome the victim’s resistance and pull her into the restroom, as evidenced by her bruises. Furthermore, he continued to use force to hold the victim down to prevent escape and covered her mouth to prevent screaming. These actions cannot be considered slight, inconsequential, or incidental; taken as a whole the confinement is not of the kind inherent in the nature of the underlying attempted sexual battery; and the “movement and confinement” by moving the victim into the restroom made the attempted sexual battery substantially easier to commit, and significantly lessened the risk of detection.
A review of the record demonstrates overwhelming evidence of guilt. *531 Therefore, as to Nino’s contention that the court erred in failing to grant a mistrial based on the detective’s testimony that Nino would not give him “any further details,” we find no reversible error. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Affirmed.