937 So.2d 756 (2006)
Patricio NINO, Appellant,
v.
STATE of Florida, Appellee.
No. 3D04-2420.
District Court of Appeal of Florida, Third District.
September 6, 2006.
Patricio Nino, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, C.J., and FLETCHER and RAMIREZ, JJ.
COPE, C.J.
Patricio Nino appeals an order denying his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
Defendant-appellant Nino was convicted of kidnapping and attempted sexual battery.[1] This court affirmed, and the appeal became final on direct review in 1999. Nino v. State, 744 So.2d 528 (Fla. 3d DCA), cause dismissed, 751 So.2d 51 (Fla. 1999). In 2000 the defendant was resentenced under Heggs v. State, 759 So.2d 620 (Fla.2000), resulting in a sentence of 10.59 years on both counts.
On this appeal from the denial his Rule 3.800(a) motion, the defendant argues that the United States Supreme Court decisions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), forbid the assessment of victim injury points on the defendant's scoresheet unless there were jury findings regarding victim injury.
*757 We reject the defendant's argument, because the Apprendi and Blakely decisions are not retroactive. See Hughes v. State, 901 So.2d 837, 846 (Fla.2005); Burrows v. State, 890 So.2d 286 (Fla. 2d DCA 2004). The Apprendi and Blakely decisions were announced after the defendant's convictions and sentences became final on direct review.
We have not overlooked the fact that the defendant was granted postconviction relief under Heggs and was resentenced on August 31, 2000. This postconviction resentencing occurred after Apprendi had been announced.[2] That fact makes no difference. See Galindez v. State, 910 So.2d 284 (Fla. 3d DCA 2005), review granted, 925 So.2d 1030 (Fla.2006). As we did in Galindez, we certify direct conflict with Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005), review pending, No. SC05-2047 (Fla. filed Oct. 31, 2005).
Affirmed.
NOTES
[1] The crime date was July 23, 1996.
[2] The decision in Apprendi was announced June 26, 2000. The defendant's August 31, 2000 Heggs resentencing occurred after Apprendi but prior to the announcement of Blakely on March 23, 2004. It appears that there was no appeal by either side after the defendant's resentencing on August 31, 2000.