WALDEN, Judge.
Appellant was charged with second degree murder. Upon trial by jury he was convicted of the lesser offense of manslaughter.
A number of points on appeal have been asserted. We have assessed them in light *723 of the record and appellate presentment and find, with the exception of the sentencing procedure, that no reversible error has been demonstrated.
It appears that the trial court enhanced the sentence from a second degree felony to a first degree felony pursuant to Section 775.087, Florida Statutes (1988), which provides that a sentence can be enhanced when the defendant carries, displays, uses, threatens, or attempts to use a firearm in the commission of the offense.
We reverse the sentence and remand with instructions to delete the enhancement and resentence appellant accordingly. Appellant must be present for such resentenc-ing since the trial court has a discretion under the guidelines in sentencing for a second degree felony. We mandate this reversal upon authority of State v. Overfelt, 457 So.2d 1385 (Fla.1984), wherein the Supreme Court of Florida stated:
The district court held, and we agree, “that before a trial court may enhance a defendant’s sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating.”
Id. at 1387.
Although the information charged appellant with murder in the second degree by using a handgun, and although the proofs manifestly reflected that the victim was killed by a firearm, the jury verdict which found appellant guilty of the lesser offense of manslaughter made no mention of a firearm. Moreover, the definition of manslaughter does not include reference to a firearm. In other words, a person may commit manslaughter without necessarily using a firearm. And so, we are of the opinion that the requirements of State v. Overfelt, supra, were not met.
We reverse and remand for resentencing in accordance herewith.
Reversed and Remanded.
HURLEY and BARKETT, JJ., concur.