541 So.2d 1227 (1989)
Jeffrey Lamar FRANKLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-988.
District Court of Appeal of Florida, Second District.
February 3, 1989.
*1228 James Marion Moorman, Public Defender, and T. Orin Lee, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant, Jeffrey Lamar Franklin, challenges the trial court order that enhanced his third degree murder conviction, a second degree felony, to a first degree felony under section 775.087(1), Florida Statutes (1987) because appellant used a weapon while committing the felony. He argues that his use of a weapon was an essential element of the offense and should not have been used to enhance his sentence under section 775.087(1). We agree.
Appellant was charged with murder in the second degree as a result of events that occurred on June 16, 1987. The information charged that appellant killed Steven Stanley Yulee by stabbing him with a broken bottle. The jury found appellant guilty of the lesser included offense of third degree murder based on the following charge:
Before you can find the defendant guilty of third-degree murder, the State must prove the following three elements beyond a reasonable doubt:
1. Steven Stanley Yulee is dead.
2. The death occurred as a consequence of and while Jeffrey Lamar Franklin was engaged in aggravated battery.
The elements of aggravated battery are when one person intentionally touches or strikes another against his will, and when the person doing the striking uses a deadly weapon in committing the battery.
A weapon is a deadly weapon if it's used or threatened to be used in a way likely to produce death or great bodily harm.
Thus, in order to find appellant guilty of third degree murder under the facts of this case and the charge given by the trial judge, the jury had to find that appellant had committed a fatal battery that was aggravated by his use of a deadly weapon. The jury also made a specific finding that appellant had used a weapon. The trial court then enhanced appellant's sentence from third degree murder, a second degree felony, to a first degree felony under section 775.087(1) on the grounds that appellant had used a weapon, the broken bottle, when he committed the felony. We believe this enhancement was error.
Section 775.087(1) requires trial courts to reclassify felonies upward, "whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant uses ... any weapon or firearm... ."
Section 775.087(1) thus has two requirements before a court may reclassify an offense. First, appellant must be charged with a felony for which the use of a weapon is not an essential element. Second, the jury must make a factual finding that appellant used a weapon. Douglas v. State, 523 So.2d 704 (Fla. 2d DCA 1988); State v. Overfelt, 457 So.2d 1385 (Fla. 1984). We encounter our difficulty here with the first requirement only. Although appellant was charged with second degree murder, a felony for which the use of a weapon is not an essential element, he was convicted of a felony for which the use of a weapon under the charge given the jury by the trial court, was an essential element. Although the information did not specifically charge appellant with a felony for which the use of a weapon is an essential element, other factors present in this case worked together to effectively charge appellant with such a felony.
First, under Miller v. State, 460 So.2d 373 (Fla. 1984), appellant's second degree murder charge, for purposes of reclassification, *1229 included all lesser offenses. Thus, he was effectively charged with third degree murder. Second, although all third degree murder charges do not necessarily involve the use of a weapon (section 782.04(4), Florida Statutes (1987)), the information here specifically charged appellant with the use of a weapon. Third, the third degree murder jury instruction specifically required that in order to find appellant guilty of third degree murder, the jury would have to find that appellant had used a deadly weapon in the course of a battery. Finally, the jury was asked to and did make a specific finding that appellant used a weapon during the commission of the offense.
We believe that these facts, taken together, are sufficient to reach the conclusion that appellant was charged with a felony for which the use of a weapon was an essential element. See Griffin v. State, 509 So.2d 980 (Fla. 2d DCA 1987). See e.g., Daniels v. State, 473 So.2d 722 (Fla. 4th DCA 1985); Bell v. State, 394 So.2d 570 (Fla. 5th DCA 1985); Whitehead v. State, 446 So.2d 194, 198 (Fla. 4th DCA 1984).
Because it is improper under section 775.087(1) to enhance a sentence for use of a weapon if one of the essential elements of the felony charged is use of a weapon, we hold that the court here improperly enhanced appellant's sentence. We, accordingly, vacate appellant's sentence and remand for resentencing within the guidelines range.
CAMPBELL, C.J., and SCHOONOVER and PARKER, JJ., concur.