PER CURIAM.
The state appeals an order of the circuit court dismissing second degree murder charges against appellee Julio Trejo. We reverse.
By information filed September 16, 1987, the state alleged that Trejo killed an unknown white male whose body was found beside State Road 82 on November 21, 1979. The information further charged that the murder was committed with a weapon, specifically a tire tool. Trejo successfully argued that the statute of limitations had run, thereby preventing prosecution.
Ordinarily second degree murder is a felony of the first degree. § 782.04(2), Fla. Stat. (1987). A prosecution for a felony of the first degree must be commenced within four years of the commission of the offense. § 775.15(2)(a). However, use of a weapon during the commission of a felony enhances the degree of that felony, except when the use of a weapon is an essential element of the offense. When a weapon is used a felony of the first degree shall be reclassified as a life felony. § 775.087(1)(a). There is no limitations period for life felonies. § 775.15(1). The use of a weapon is not an essential element of the crime of second degree murder, such as would remove that offense from the parameters of the reclassification statute. State v. Whitehead, 472 So.2d 730 (Fla.1985).
The trial court’s order of dismissal relies upon our decision in Franklin v. State, 541 So.2d 1227 (Fla. 2d DCA 1989). There, as in the present case, the defendant was charged with second degree murder by use of a weapon. The jury, however, convicted him of the lesser included offense of third degree murder, with aggravated battery serving as the predicate felony. For sentencing purposes the offense was enhanced one degree. However, in order to have returned that particular verdict it was essential for the jury to have accepted that a weapon was employed; they were instruct *1322 ed accordingly and they made a specific finding that Franklin had used a weapon. Because, under these narrow circumstances, the weapon was an essential element of the offense,[1] application of the reclassification statute was error. Such is not the case here. We find that the information filed against Trejo properly charges a life felony, with no applicable limitations period.[2]
Reversed.
CAMPBELL, C.J., and RYDER and DANAHY, JJ., concur.

. Under section 784.045, Florida Statutes (1987), a person commits aggravated battery either by using a deadly weapon or by inflicting great bodily harm, permanent disability, or permanent disfigurement. In Franklin the information alleged that a weapon had been used, not that great harm had resulted. The jury instruction similarly mentioned the weapon element only.

. The state concedes that Trejo cannot be convicted of any lesser offense that might be included within the principal charge. See Holloway v. State, 362 So.2d 333 (Fla. 3d DCA 1978), cert. denied, 379 So.2d 953 (Fla.), cert. denied, 449 U.S. 905, 101 S.Ct. 281, 66 L.Ed.2d 137 (1980).