PER CURIAM.
We affirm appellant’s judgment, but reverse his sentence and remand for resen-tencing in accordance herewith. While we conclude appellant’s attacks on his judgment are meritless and do not warrant discussion, the trial court did err in reclassifying third-degree murder from a second-degree felony to a first-degree felony based on use of a firearm where use of a firearm was an essential element of the offense, and in departing from the sentencing guidelines.
Appellant, a juvenile at the time of his offense, was charged with second-degree murder with a firearm. The jury found him guilty of the lesser included offense of murder in the third degree with a firearm and the trial court so adjudicated him, denied his motion for new trial, and sentenced him to a thirty-year term of incarceration with a three-year mandatory minimum.
Appellant argues and the state concedes that reclassification of the offense of which the jury adjudged him guilty from a second-degree felony to a first-degree felony pursuant to section 775.-087(l)(b), Florida Statutes, was error. Where the use of a firearm is an essential element of the crime for which a defendant is convicted, use of a firearm is not a valid reason for enhancement. Gonzalez v. State, 585 So.2d 932 (Fla.1991). Appellant was convicted of third-degree murder with a firearm; therefore, his sentence should not have been enhanced based on the use of a firearm. We reverse this point on appeal and remand for resentencing with a recalculated scoresheet listing the primary offense as a second-degree felony. Erickson v. State, 565 So.2d 328, 336 (Fla. 4th DCA 1990) (defendant entitled to sentencing based on correctly calculated score-sheet), rev. denied, 576 So.2d 286 (Fla.1991).
*585 Appellant next argues that because the trial court failed to enter a contemporaneous written order to support an upward departure sentence, it must impose a guideline sentence on remand for resentencing. Resentencing with no possibility of departure is mandated under Owens v. State, 598 So.2d 64 (Fla.1992). While the state proposes that the trial court be allowed to depart upon remand because the remand is based on improper reliance on an enhancement statute, appellant correctly counters that this point on appeal is separate from his first point. Whether the trial court departed on an incorrectly scored offense, rather than a correctly scored offense, is irrelevant to the fact that it departed and failed to enter contemporaneously written reasons for its departure. The failure bars a departure sentence on remand for any reason. Hence, the state’s proffer of additional reasons for departure is immaterial and we reverse and remand for a sentence within the permitted guidelines.
GLICKSTEIN, C.J., and GUNTHER and WARNER, JJ., concur.