650 So.2d 1111 (1995)
Reynaldo RODRIGUEZ, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 93-02331.
District Court of Appeal of Florida, Second District.
February 24, 1995.
Detria J. Liles, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
Reynaldo Rodriguez, Jr. appeals from his judgment and departure sentence for attempted third-degree murder with a firearm and shooting at, within, or into a vehicle. He argues that the court erred when it exceeded the sentencing guidelines based on the victim's excessive physical and emotional trauma and that the court erred in scoring prior record and legal constraint on the guidelines scoresheet. While we affirm as to the points raised on appeal, we must reverse and remand to correct an error in sentencing which the state has brought to our attention.
On July 19, 1990, Rodriguez was driving his car with his girlfriend, Madia Figaroa, and four other passengers. Rodriguez and his girlfriend were engaged in a heated argument. During the argument he fired a gun, and the bullet hit Marcus Wyrosdick, a passenger in a passing-by car. The state charged Rodriguez with the attempted second-degree murder of Marcus and shooting at, within, or into a vehicle. Two passengers in Rodriguez's car testified that the shooting was intentional, while other witnesses, including Rodriguez, testified that the shooting was accidental.
The trial court instructed the jury that the lesser-included offense of attempted third-degree murder (the offense for which Rodriguez was convicted) was based on the aggravated assault with a deadly weapon upon Madia Figaroa. The attempted third-degree murder conviction was enhanced from a third-degree felony to a second-degree felony due to the use of a firearm. At the sentencing hearing, defense counsel admitted Rodriguez *1112 was on juvenile community control at the time the offense occurred, but objected to the scoring of two delinquency adjudications as prior record.
The trial court heard testimony from Marcus Wyrosdick, the victim, and his parents. Marcus was thirteen years old at the time of the shooting. The bullet shattered his ribs, severed the the tubes between his bladder and kidney, and fragmented his spine. He was hospitalized for over five weeks and underwent two operations. He suffered a great deal of pain, for which he was given morphine, and he had some difficulty withdrawing from the use of morphine. Marcus went through pain and agony to develop the ability to walk again. It took about four to five months before he was able to walk without any assistance.
Since his rehabilitation, Marcus has been hospitalized two more times for stomach and intestinal problems. He can no longer play contact sports. The bullet still remains inside his body and must be removed. Marcus continues to experience pain to his stomach, leg, and back.
The trial court sentenced Rodriguez to a departure sentence of fifteen years with a three-year minimum mandatory on the attempted third-degree murder with a firearm conviction and to a consecutive fifteen years on the shooting into an occupied vehicle conviction. The trial court gave as its reason for departure the victim's excessive physical and emotional trauma.
First, we address a fundamental sentencing error which the state has pointed out in its brief. The conviction for attempted third-degree murder with a firearm should have been for a third-degree felony rather than a second-degree felony. §§ 782.04(4), 777.04(4), Fla. Stat. (1989). Rodriguez was found guilty of attempted third-degree murder with a firearm. The underlying felony upon which this conviction was based, and on which the court instructed the jury, was aggravated assault. Since aggravated assault is a felony in which the use of a deadly weapon is a necessary element, it is improper to enhance the conviction for attempted third-degree murder. See Franklin v. State, 541 So.2d 1227 (Fla. 2d DCA 1989); § 775.087(1), Fla. Stat. (1989). The sentence of fifteen years' imprisonment for attempted third-degree murder is an illegal sentence because it is beyond the five-year statutory maximum for a third-degree felony. § 775.082(3)(d), Fla. Stat. (1989).
Thus, we reverse the judgment and sentence and remand with instructions for the judgment to reflect a conviction of attempted third-degree murder as a third-degree felony and for recalculation of the guidelines and resentencing. We note that the primary offense will now be the second-degree felony of shooting into an occupied vehicle, and the attempted third-degree murder will be scored as an additional offense.
As to the issues Rodriguez raised on appeal, the trial court did not err in scoring his prior record and legal constraint. The state relied on Rodriguez's PSI to establish prior record and legal constraint. Defense counsel admitted that Rodriguez was on juvenile community control when the present offenses arose. Defense counsel only objected to the hearsay nature of the proof of prior record; the defense did not dispute the truth or accuracy of the convictions. Therefore, the state was not required to produce corroborating evidence beyond that shown on the PSI report. See Jennings v. State, 595 So.2d 251, 252 (Fla. 1st DCA 1992).
With respect to the departure sentence, the trial court gave as its reason for departure the victim's excessive physical and emotional trauma. Section 921.001(7), Florida Statutes (1989), authorizes a departure for this reason, and the facts of this case warrant the departure. On remand, the trial court has the option of imposing an upward departure based on the victim's excessive physical and emotional trauma.
Reversed and remanded.
PARKER, A.C.J., and BLUE, J., concur.