RYDER, Acting Chief Judge.
Frank Simmons was convicted of a number of offenses arising out of a crime spree in *323 volving several ear thefts, armed robberies, attempted armed robberies and an attempted murder that occurred on July 7 and 8, 1993 (circuit court case number 93-09991). He also pleaded no contest to additional charges of armed robbery, grand theft of an automobile and aggravated assault with a firearm, resulting from an incident on June 13, 1993 (circuit court case number 93-14904). Simmons raises two issues in his appeal of case number 93-09991; he contends the trial court erred in denying his motion to sever certain offenses for trial and he challenges his conviction for attempted first degree murder. We find no merit in these claims, and affirm without discussion. In case number 93-14904, Simmons asserts the court erred in denying his motion to suppress his confession and questions his sentence for aggravated assault with a firearm. We have discovered no error in the lower court’s ruling on the motion to suppress, and again affirm without discussion. We agree, however, that Simmons was improperly sentenced and reverse on that issue.
The trial court sentenced Mr. Simmons to fifteen years’ imprisonment for aggravated assault with a firearm. This crime is a third degree felony. § 784.021(2), Fla.Stat. (1993). The enhancement provisions contained in section 775.087(1), Florida Statutes (1993), cannot be applied because use of a deadly weapon, here a firearm, is a necessary element of the charge. Rodriguez v. State, 650 So.2d 1111, 1112 (Fla. 2d DCA 1995). The maximum sentence for a third degree felony is a term of imprisonment not exceeding five years. § 775.082(3)(d), Fla.Stat. (1993). The trial court erred in imposing a sentence that exceeded the statutory maximum. Accordingly, we reverse and remand for resentenc-ing pursuant to this opinion. Mr. Simmons need not be present at resentencing.
Affirmed in part, reversed in part and remanded.
LAZZARA and WHATLEY, JJ., concur.