QUINCE, Judge.
Appellant, Raymond Fredenburgh, Jr., challenges his judgment and sentence for manslaughter with a firearm. We affirm both the conviction and the sentence, but address only his claim that the trial court erred by enhancing his manslaughter conviction.
Appellant was charged with second-degree murder with a firearm. He was convicted of manslaughter with a firearm, a second-degree felony. The trial court enhanced the conviction to a first-degree felony pursuant to section 775.087(1), Florida Statutes (1991), because appellant used a firearm to commit the offense. Appellant contends the trial court improperly enhanced the conviction because use of a firearm is an essential element of manslaughter. We disagree.
This court in Rodriguez v. State, 650 So.2d 1111 (Fla. 2d DCA 1995), indicated a crime cannot be enhanced for commission with a firearm if use of a firearm is an essential element of the crime. However, use of a firearm is not an element of manslaughter. Manslaughter is, “the killing of a human being by the act, procurement or culpable negligence of another without lawful justification_” § 782.07, Fla. Stat. (1991); see also State v. Richards, 689 So.2d 680 (Fla. 2d DCA 1994).
Since use of a firearm is not an essential element of manslaughter, the trial court properly enhanced appellant’s conviction. We, therefore, affirm appellant’s judgment and sentence.
CAMPBELL, A.C.J., and LAZZARA, J., concur.