707 So.2d 1184 (1998)
Herman MINOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2811.
District Court of Appeal of Florida, Third District.
March 25, 1998.
Herman Minor, in proper person.
Robert A. Butterworth, Attorney General, and Terri Leon-Benner, Assistant Attorney General, for appellee.
Before NESBITT, COPE and LEVY, JJ.

On Motion for Rehearing
PER CURIAM.
In his motion for rehearing, defendant-appellant Herman Minor argues that his conviction of manslaughter with a firearm was not subject to reclassification as a first-degree felony under section 775.087(1), Florida Statutes (1993). We disagree.
Defendant was charged with second-degree murder with a firearm. He was convicted of the lesser included offense of manslaughter with a firearm. Manslaughter is a second-degree felony. See id. § 782.07. Because the use of a weapon or firearm is not an element of the offense of manslaughter, see id., the crime is subject to reclassification to a first-degree felony where a weapon or firearm is used. See id. § 775.087(1)(a); Mitchell v. State, 689 So.2d 1118, 1120 (Fla. 3d DCA), appeal dismissed, 697 So.2d 511 (Fla.1997).
Defendant relies on Lamont v. State, 610 So.2d 435 (Fla.1992), but that case has no application here. In Lamont, the defendant was convicted of burglary of an occupied dwelling with a firearm. See id. at 439. Since the defendant was convicted under a subdivision of the burglary statute which specifically involves use of a firearm, it was impermissible to apply the firearm enhancement statute, section 775.087(1), Florida Statutes, to accomplish any additional enhancement.
Defendant also relies on Garner v. State, 613 So.2d 584 (Fla. 4th DCA 1993), and Franklin v. State, 541 So.2d 1227 (Fla. 2d DCA 1989), approved, Gonzalez v. State, 585 So.2d 932 (Fla.1991), but those cases are not on point. In Franklin v. State, defendant was convicted of third-degree murder, see § 782.04(4), Florida Statutes, where the underlying felony was aggravated battery with a deadly weapon. See 541 So.2d at 1228. Where, in a third-degree murder case, an essential element of the underlying felony is use of a deadly weapon, it is impermissible to apply the weapon/firearm enhancement statute, section 775.087(1), Florida Statutes.
The same analysis is true of Garner v. State, 613 So.2d at 584. Although the Garner opinion does not identify the felony underlying the third-degree murder conviction, the Garner opinion cites Gonzalez v. State, 585 So.2d 932 (Fla.1991). In Gonzalez, like Franklin, the felony underlying the third-degree murder conviction was aggravated battery with a deadly weapon. See id. at 933. For that reason, reclassification of the crime of third-degree murder under section 775.087(1) was impermissible.
For the reasons stated, the cases cited by defendant do not apply in the present case to his manslaughter conviction. Classification of his conviction of manslaughter with a firearm as a first-degree felony was correct. That being so, it follows that there was no error in reclassifying the same crime to a life felony under the habitual violent felony offender *1185 statute. See § 775.084(4)(b), Fla. Stat.
Rehearing denied.