WHATLEY, Acting Chief Judge.
Thomas M. Legg appeals his sentence for aggravated battery with a firearm. He contends that the trial court erred in sentencing him by reclassifying his conviction from a second-degree to a first-degree felony pursuant to section 775.087(1), Florida Statutes (1995). We agree and reverse.[1]
Section 775.087(1) allows a trial court to reclassify a felony to the next higher degree where a firearm was used during the commission of that felony except where the use of a firearm is an essential element of the offense. In the present case, both the information and the jury instruction on aggravated battery with a firearm reveal that use of a firearm was an essential element of the offense. The information reads in pertinent part as follows:
[D]id unlawfully commit a battery upon Edwin Rodriguez, by actually and intentionally touching or striking said person, against said person’s will, or by intentionally causing bodily harm to said person, and in committing said battery did use a deadly weapon, to-wit: a firearm ....
(Emphasis added).
The jury instruction reads as follows:
Before you can find the Defendant guilty of Aggravated Battery, the State must prove the following two elements beyond a reasonable doubt: The first element is a definition of battery:
1. THOMAS M. LEGG intentionally touched or stuck [sic] EDWIN RODRIQUEZ [sic] against his well [sic] or intentionally caused bodily harm to EDWIN RODRIQUEZ [sic].
2. THOMAS M. LEGG in committing the battery:
a. intentionally or knowingly caused great bodily harm.
b. used a deadly weapon, to-wit: a firearm.
A weapon is a “deadly weapon” if it is used or threatened to be used in a way likely to produce death or great bodily harm.
*827 This case is strikingly similar to Sims v. State, 712 So.2d 786 (Fla. 2d DCA 1998). In Sims, the defendant was charged with attempted first-degree murder but found guilty of attempted third-degree murder. The information alleged that Sims attempted to kill the victim by stabbing him. The jury was instructed that in order to find Sims guilty of attempted third-degree murder, it had to find that the attempted killing occurred while Sims was engaged in the commission of an aggravated battery. Aggravated battery was defined as “an intentional, nonconsensual touching or striking or intentional causing of bodily harm ‘and in such touching or striking or causing of bodily harm a deadly weapon was used.’” 712 So.2d at 787 (emphasis added). This court noted that this is not the standard jury instruction for aggravated battery, which defines the offense as the intentional causing of great bodily harm or the use of a weapon during the commission of a battery. See id. at n. 1. Rather, as in the present case, the instruction required the jury to find that the defendant used a deadly weapon even if it found that he caused great bodily harm. See id. See also Dozier v. State, 677 So.2d 1352 (Fla. 2d DCA 1996) (enhancement reversed where use of a weapon became an essential element of offense of aggravated battery because jury instruction did not permit jury to decide whether appellant committed aggravated battery based on great bodily injury independently of its decision whether he used a weapon during that offense); Franklin v. State, 541 So.2d 1227 (Fla. 2d DCA 1989) (enhancement reversed where information and jury instruction made use of a weapon an essential element of third-degree murder); Senterfitt v. State, 515 So.2d 411 (Fla. 1st DCA 1987) (enhancement reversed because, although statute defines aggravated battery in alternative terms, information specifically alleged use of a deadly weapon, thereby making it an essential element of offense).
We hold that use of a firearm' became an element of the offense, and therefore, it could not be used as the basis for reclassifying that offense pursuant to section 775.087(1). Accordingly, we reverse and remand for resentencing in accordance with this opinion.
CASANUEVA and DAVIS, JJ., Concur.

. We have jurisdiction because Legg's sentence is outside the maximum sentence authorized by law. See Bain v. State, 730 So.2d 296, 305 (Fla. 2d DCA 1999); § 921.0014(2), Fla. Stat. (Supp.1996).