746 So.2d 490 (1999)
Wilson OSORIO, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04153.
District Court of Appeal of Florida, Second District.
October 15, 1999.
John Thor White, St. Petersburg, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
*491 PER CURIAM.
Wilson Osorio appeals his sentence of 230 months' imprisonment for third-degree murder. Mr. Osorio contends that the trial court improperly reclassified this offense pursuant to section 775.087(1), Florida Statutes (1997), because the use of a firearm was an element of the charged offense. We agree, and thus reverse the sentence.
Mr. Osorio was charged with first-degree murder[1] of Jose Perez-Medina. The information alleged that Mr. Osorio killed Mr. Perez-Medina by shooting him with a firearm. At trial, Mr. Osorio claimed that the shooting was not intentional or premeditated, but rather was committed in self-defense. Accordingly, the jury was instructed on the lesser-included offense of third-degree (felony) murder, based on the underlying felony of aggravated assault.[2]
The trial court instructed the jury that an aggravated assault was an intentional and unlawful threat made with the use of a deadly weapon, thereby creating a well-founded fear that violence is about to take place.[3] Therefore, in order to find Mr. Osorio guilty of third-degree murder, the jury had to find that he committed an aggravated assault with a deadly weapon. The jury returned a verdict of guilty on this lesser-included offense.
The sentencing scoresheet listed the offense as "third-degree murder w/fa," and classified the offense as a first-degree felony and a level 9 offense. The scoresheet provided for a sentencing range between 138 months and 230 months. The trial court sentenced Mr. Osorio to the maximum scoresheet sentence of 230 months.
Third-degree murder is a second-degree felony and a level 8 offense. See § 921.0012(3), Fla. Stat. (1997). The State argues that the level 9 classification on the scoresheet was the result of reclassification based upon section 775.087(1), which allows reclassification for use of a weapon or firearm. We recognize it is possible to commit a third-degree murder without a weapon or firearm. However, the information and the jury instruction in this case caused the use of a firearm to be an essential element of the offense. Under these circumstances, the reclassification was error. See Gonzalez v. State, 585 So.2d 932 (Fla.1991); Franklin v. State, 541 So.2d 1227 (Fla. 2d DCA 1989).
Properly classified, the offense in this case would result in a maximum scoresheet sentence of 208 months of imprisonment. Therefore, we reverse and remand for resentencing.
ALTENBERND, A.C.J., CASANUEVA and DAVIS, JJ., Concur.
NOTES
[1] See § 782.04(1)(a)(1), Fla. Stat. (1997).
[2] See §§ 782.04(4), 784.021(1)(a), Fla. Stat. (1997) (with a deadly weapon, without intent to kill).
[3] The trial court gave the standard jury instruction for aggravated assault committed with a deadly weapon without intent to kill. The trial court did not instruct the jury on aggravated assault as an assault made with an intent to commit a felony, see § 784.021(1)(b), nor would the evidence presented have supported such an instruction.