936 So.2d 782 (2006)
Jose COLLAZO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2782.
District Court of Appeal of Florida, Fourth District.
September 6, 2006.
*783 Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Collazo's conviction of third-degree murder with a firearm, but reverse the thirty year prison sentence imposed and remand for re-sentencing.
Collazo was charged with second-degree murder with a firearm; the information alleged that during the commission of the offense, he possessed a firearm, discharged it, and as a result of the discharge, the victim died. The jury was also instructed on the underlying felony of aggravated assault.
In imposing sentence, the court stated that it was imposing the thirty year sentence as mandatory under section 775.087(2), Florida Statutes, (10-20-life law) for a first-degree felony.
Florida Statutes Section 782.04, Murder, provides, in pertinent part:
(4) The unlawful killing of a human being, when perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate, any felony other than . . . is murder in the third degree and constitutes a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 782.04(4), Fla. Stat. (2005) (emphasis added).
Florida Statutes section 775.087, Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence, provides, in part:
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.

*784 (c) In the case of a felony of the third degree, to a felony of the second degree. (2)(a)1. Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for:
a. Murder;
3. Any person who is convicted of a felony or attempt to commit a felony listed in sub-subparagraphs (a)1.a.-q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a "firearm". . . and, as a result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.
§ 775.087(1), (2)(a)1., 3., Fla. Stat. (2005).
In Osorio v. State, 746 So.2d 490, 491 (Fla. 2d DCA 1999), the appellant was charged with first-degree murder; the information alleged the appellant killed the victim by "shooting him with a firearm." The jury was instructed on the lesser-included offense of third-degree (felony) murder, based on the underlying felony of aggravated assault. The trial court classified the conviction as a first-degree felony, and the Second District reversed:
We recognize it is possible to commit a third-degree murder without a weapon or firearm. However, the information and the jury instruction in this case caused the use of a firearm to be an essential element of the offense. Under these circumstances, the reclassification was error. See Gonzalez v. State, 585 So.2d 932 (Fla.1991); Franklin v. State, 541 So.2d 1227 (Fla. 2d DCA 1989).
Id. See also Rodriguez v. State, 650 So.2d 1111 (Fla. 2d DCA 1995) (holding reclassification impermissible where underlying felony of attempted third-degree murder with a firearm was aggravated assault, and aggravated assault includes the use of a deadly weapon as a necessary element).
In this case, the discharge of the firearm was charged to be the cause of death of the victim, and the jury was instructed on aggravated assault under the third-degree murder charge, which required the use of a deadly weapon. Consequently, under Osorio and Rodriguez, the use of a firearm was an essential element of the offense, and the trial court erred in reclassifying under section 775.087(1). We have considered Stoute v. State, 915 So.2d 1245 (Fla. 4th DCA 2005), and deem it inapposite.
Notwithstanding that the trial court in this case imposed the thirty year sentence based on the erroneous reclassification of the conviction to a first-degree felony, we recognize that this sentence would have also been appropriate under section 775.087(2)(a)3., as a permissible discretionary sentence between twenty-five years to life. Therefore, on remand, the trial court is not restricted from re-imposing a thirty year sentence.
We remand for the trial court to properly classify the conviction as a second-degree felony and re-sentence based on section 775.087(2)(a)3.
As to all other issues raised, we find no reversible error or abuse of discretion.
STEVENSON, C.J. and POLEN, J., concur.