966 So.2d 429 (2007)
Jose A. COLLAZO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4762.
District Court of Appeal of Florida, Fourth District.
September 5, 2007.
Rehearing Denied November 5, 2007.
*430 Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.

EN BANC
PER CURIAM.
Appellant, Jose Collazo, appeals from the sentence imposed upon re-sentencing by the trial court as directed by this court in Collazo v. State, 936 So.2d 782 (Fla. 4th DCA 2006) (Collazo I). We reverse for re-sentencing.
Appellant was convicted of third-degree murder with a firearm and the trial court imposed a thirty-year mandatory sentence for a first-degree felony under section 775.087(2), Florida Statutes (2004). In Collazo I, this court determined that the trial court erroneously reclassified appellant's offense as a first-degree felony under section 775.087(1) and remanded for the trial court to properly classify the conviction as a second-degree felony and to re-sentence appellant based on section 775.087(2)(a)3. This court held:
Notwithstanding that the trial court in this case imposed the thirty year sentence based on the erroneous reclassification of the conviction to a first-degree felony, we recognize that this sentence would have also been appropriate under section 775.087(2)(a)3., as a permissible discretionary sentence between twenty-five years to life. Therefore, on remand, the trial court is not restricted from re-imposing a thirty year sentence.
Id. at 784.
Upon re-sentencing, the trial court properly reclassified appellant's conviction as a second-degree felony and sentenced appellant to thirty years with a mandatory minimum of thirty years. At the hearing, appellant's counsel objected to this mandatory minimum for a second degree felony under section 775.087, arguing that it could not exceed twenty-five years because the sentence already exceeded the statutory maximum of fifteen years for a second-degree felony. We agree and hereby recede from the above quoted language of this court's opinion in Collazo I.
Section 775.087, Florida Statutes (2004), provides in pertinent part:
(2)(a)1. Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for:
a. Murder;
. . .
3. Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)1.a.-q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a "firearm" or "destructive device" as defined in s. 790.001 and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison. (b) Subparagraph (a)1., subparagraph (a)2., or subparagraph (a)3. does not prevent a court from imposing a longer sentence of incarceration as authorized *431 by law in addition to the minimum mandatory sentence, or from imposing a sentence of death pursuant to other applicable law. Subparagraph (a)1., subparagraph (a)2., or subparagraph (a)3. does not authorize a court to impose a lesser sentence than otherwise required by law.
. . .
(c) If the minimum mandatory terms of imprisonment imposed pursuant to this section exceed the maximum sentences authorized by s. 775.082, s. 775.084, then the mandatory minimum sentence must be imposed. If the mandatory minimum terms of imprisonment pursuant to this section are less than the sentences that could be imposed as authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the sentence imposed by the court must include the mandatory minimum term of imprisonment as required in this section.
This court explained the application of section 775.087 in Inmon v. State, 932 So.2d 518 (Fla. 4th DCA 2006), as follows:
Section 775.087 is a comprehensive sentencing enactment on the subject of weapons involved in the commission of felonies and certain resulting enhancements depending on the specific role of the firearm in the offense. The first subdivision addresses the "presence" of a firearm in all felonies. § 775.087(1), Fla. Stat. (2005). It applies to the possession, use, display, threat to use and actual use of a firearm in any felony. Id. If a firearm is present in the commission of any felony, the offense is stepped up a single grade (e.g., a first degree felony becomes a life felony, and so on). Id.

Section 775.087(2), the second subdivision of this statute (the one involved in this case), addresses distinctly different applications of a firearm but only in the commission of several enumerated violent or serious felonies. Subsection (2) has several parts, each subdivided from the others for ease of reference. One of them makes the actual possession of a firearm subject to a minimum mandatory enhancement period of 10 years. § 775.087(2)(a)1, Fla. Stat. (2005). Another makes the actual discharge of the firearm subject to a minimum mandatory enhancement period of 20 years. § 775.087(2)(a)2, Fla. Stat. (2005). Still another makes the actual discharge of a firearm resulting in death or great bodily harm subject to a minimum mandatory enhancement period of not less than 25 years up to a maximum of life in prison. § 775.087(2)(a)3, Fla. Stat. (2005).
In addition to the specified enhancements, section 775.087(2) makes clear that the imposition of the minimum mandatory provisions does not prevent even longer sentences within the statutory maximums. § 775.087(2)(b), Fla. Stat. (2005). In fact it provides that if the minimum mandatory exceeds the statutory maximum, then the maximum is thereby increased and the court must impose the minimum mandatory.
Id. at 519-20.
Appellant's conviction was based upon his discharge of a firearm which resulted in the victim's death. He was convicted of a second degree felony and under section 775.082(3)(c), the statutory maximum sentence is fifteen years. Section 775.087(2)(a)3, which is applicable to appellant, subjects him to a minimum mandatory enhancement of twenty-five years to life. However, because the statutory maximum applicable to appellant is less than the minimum mandatory of twenty-five years, the court may only impose that minimum mandatory. § 775.087(2)(c), Fla. Stat. (2004).
*432 We reverse and remand for re-sentencing. We recede from that language in Collazo v. State, 936 So.2d 782, 784 (Fla. 4th DCA 2006), which held that the trial court had the discretion to sentence appellant to more than twenty-five years.
Reversed and Remanded for Re-sentencing.
SHAHOOD, C.J., STONE, WARNER, KLEIN, STEVENSON, TAYLOR and HAZOURI, JJ., concur.
MAY, J., concurs specially with opinion, in which GROSS, J., concurs.
FARMER, J., dissents with opinion, in which GUNTHER and POLEN, JJ., concur.
MAY, J., concurring specially.
I concur in the en banc decision. I write simply to call attention to what I perceive is an ambiguous provision within section 775.087, Florida Statutes (2006). The statute provides that "offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law." § 775.087(2)(d) (emphasis added). To that end, subsection (2)(b) provides that subparagraphs (a)1., (a)2. and (a)3. do "not prevent a court from imposing a longer sentence of incarceration as authorized by law in addition to the minimum mandatory sentence, or from imposing a sentence of death pursuant to other applicable law." § 775.087(2)(b) (emphasis added). I take from these two provisions that the Legislature intended to allow a court to sentence an offender to the harshest sentence possible when the offender is convicted of an enumerated crime and uses a firearm.
In this case, the defendant was convicted of third degree murder, a second degree felony offense, carrying a maximum penalty of 15 years. § 775.082(3)(c), Fla. Stat. (2006). The jury found that the defendant discharged a firearm in the commission of the offense. Section 775.087(2)(a)3. provides for enhancement of that 15-year maximum sentence "to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison." Subsection (2)(c) then provides that "[i]f the minimum mandatory terms of imprisonment imposed pursuant to this section exceed the maximum sentences authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the mandatory minimum sentence must be imposed." § 775.087(2)(c) (emphasis added).
Does that mean that only the mandatory minimum sentence of 25 years can be imposed or does it mean that any sentence from 25 years to life can be imposed as long as the court imposes the mandatory minimum of 25 years? Was subsection (c) really meant to limit a court to imposing only the lowest mandatory minimum of 25 years rather than imposing a longer sentence (25 years to life) authorized by subsection 2(b)? I think a reasonable reading of the provisions would allow a sentencing court to sentence the defendant anywhere from 25 years to life as long as the mandatory minimum of 25 years is imposed. In short, I find subsection (2)(c) susceptible of more than one meaning, especially in light of the express intent of the legislature.
Here, section 775.087(2)(a)3. authorized a sentence of 25 years to life, thereby exceeding the maximum sentence of 15 years under the Criminal Punishment Code. This required the court to impose the mandatory minimum sentence of 25 years. I'm not sure it meant to prevent the sentencing court from imposing a sentence greater than 25 years as long as the *433 court imposed the mandatory minimum of 25 years.
The majority reads the sentence literally and thereby limits the enhancement to the lowest of its terms, 25 years. But, I question whether this reading effectuates the stated intent of the legislature to punish the offender to the "fullest extent of the law." The problem is that either there is no ambiguity and the majority is right or there is an ambiguity and the rule of lenity would require the court to impose the "most lenient version" of the sentence. See § 775.021, Fla. Stat. (2006); see also Glynn v. State, 868 So.2d 1280 (Fla. 4th DCA 2004); Cairl v. State, 833 So.2d 312 (Fla. 2d DCA 2003) (en banc). Either way, the defendant wins. For this reason, I concur.
GROSS, J., concurs.
FARMER, J., dissenting.
This sentencing statute[1] is not ambiguous. Its plain text supports the trial court's imposition of a 30-year mandatory sentence. Nothing in section 775.087(2) or Inmon v. State, 932 So.2d 518 (Fla. 4th DCA 2006), suggests otherwise.
The jury made a finding that defendant discharged a firearm and killed the victim during a robbery. The ordinary penalty for this second-degree felony is 15 years. See § 775.082(3)(c), Fla. Stat. (2005). As the majority opinion indicates, the propriety of the trial court's mandatory 30-year sentence for a killing by gunshot during a felony turns on the text of two subsections from section 775.087(2). Saving all noncritical verbiage, the pertinent statutory words are:
[(a)3] the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.
. . .
[(c)] If the minimum mandatory terms of imprisonment imposed pursuant to this section exceed the maximum sentences authorized by s. 775.082, s. 775.084 . . . then the mandatory minimum sentence must be imposed. [e.s.]
§ 775.087, Fla. Stat. (2006). In subsection (a)3 the words not less than 25 years mean that more than 25 years is possible. But the majority limits the mandatory part to not more than 25 years, making the words not less than 25 years and not more than life superfluous.
The majority seem to read into the provision a punctuation mark after the words 25 years. There is no mark at that point; the clause presses on without any break. Then the words not less than 25 years are followed immediately by the conjunction and which is not preceded by a comma, semi-colon or period. If there had been some such punctuation, one might conceivably read the sentence as containing two separate thoughts: (1) a mandatory period of 25 years; (2) discretion to make the total sentence life. As actually written and punctuated, however, the plain meaning is to conjoin not less than 25 years with the words not more than a term of life into a single thought. As thus written, the mandatory period can be anything from life down to 25 years. I see nothing unclear about this  nothing ambiguous on which to invoke the rule of lenity.
We should not lose sight of the obvious policy behind this provision. The use and discharge of firearms to commit crimes is the most grievous of all sins against the peace of civil society. In fact, civil society was created to protect its members from such violence. While all killing is bad, *434 there is a sinister facet about killing with guns.
Without guns, killing would require a good deal more direct physical effort and close-in involvement. Take just a moment to imagine personally choking, knifing or beating someone to death. The killer must directly confront the victim while fending off his efforts to defend himself. The killer must actually lay hands on the victim and not stop or let go until life is gone.
Now think of shooting someone. Many guns can be fired from a great distance  in fact some from so far away the shooter is not even able to make out the features on his victim's face. With guns killing is possible from a great remove and in secret, eliminating any attempt at self-defense. Guns make killing immensely easier. Guns make killing far less direct and personal. Because most humans are incapable of choking, knifing or beating anyone to death, guns significantly increase the universe of possible killers. Guns make more killings more likely.
As Clint Eastwood said in THE UNFORGIVEN, killing is a terrible thing. It takes away from the victims everything they had, everything they would ever have. That distinguishes killing from all other crimes, no matter how appalling another crime may be. There is reason to make killing by gun during a felony qualify for even the most severe penalty. To borrow from still another movie, the statute's message is "leave the gun take the cannoli" on your way to the crime.
All would-be criminals are now on notice if they choose to bring a gun to their crime and someone dies by its bullet they can expect a terrible fate. They will die a long slow death in prison. Perhaps therein lies deterrence; surely there is punishment. If this defendant ends up with a mandatory period less than life for his crime-related killing by gun, he owes it to the leniency of the sentencing judge.
I would affirm the sentence imposed.
GUNTHER and POLEN, JJ., concur.
NOTES
[1] § 775.087(2), Fla. Stat. (2006).