PER CURIAM.
 

 The defendant below appeals the circuit court’s summary denial of his motion for postconviction relief. We reverse only as to the defendant’s claim that on count two, attempted robbery with a deadly weapon, a second-degree felony, his sentence to life in prison with a twenty-five year mandatory minimum is illegal.
 

 In denying the defendant’s claim, the circuit court stated that the imposition of the life sentence on the second-degree felony was the result of the mandatory sentencing of the 10-20-Life statute, section 775.087(2)(a)3., Florida Statutes (2003), because the defendant discharged a firearm. However, this court disapproved of that reasoning in
 
 Collazo v. State,
 
 966 So.2d 429 (Fla. 4th DCA 2007). We held, pursuant to section 775.087(2)(c), Florida Statutes (2004), because the statutory maximum applicable to a defendant charged with a second-degree felony of fifteen years is less than the mandatory minimum of twenty-five years, a court may impose only that mandatory minimum. 966 So.2d at 431; § 775.087(2)(c), Fla. Stat. (2004) (“If the minimum mandatory terms of imprisonment imposed pursuant to this section exceed the maximum sentences authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the mandatory minimum sentence must be imposed.”).
 

 Collazo
 
 applies here. We reverse and remand for re-sentencing of the defendant on count two to the mandatory minimum of twenty-five years. On all other grounds, we affirm.
 

 Affirmed in part, reversed in part, and remanded.
 

 FARMER, HAZOURI and GERBER, JJ., concur.