# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-554

_____

AHMAD GARY SHEAFFERS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
John L. Miller, Judge.

April 17, 2018

RAY, J.

Appellant, Ahmad Gary Sheaffers, challenges consecutive twenty-year sentences for two counts of aggravated assault with the discharge of a firearm, which were imposed at resentencing after this Court reversed his original sentences in light of *Williams v. State*, 186 So. 3d 989, 993 (Fla. 2016) (holding that when "multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible but not mandatory"). *See Sheaffers v. State*, 199 So. 3d 569 (Fla. 1st DCA 2016). Appellant raises two issues on appeal, neither of which merits reversal. We write only to address his argument that the 2016 version of section 775.087(2)(a), Florida Statutes, also referred to as the "10-20-Life"

statute, applied at the time he was resentenced for crimes he committed before the 2016 amendment.

Appellant argues that the postconviction court should have granted his motion to correct sentencing error contending that the 2016 version of the 10-20-Life statute applied to his resentencing because his sentences were not final before the law's effective date. At the time of his offenses in 2014, aggravated assault was included as an enumerated felony requiring a mandatory minimum sentence of twenty years when a firearm was discharged during the commission of the felony. § 775.087(2)(a), Fla. Stat. (2013). Effective July 1, 2016, aggravated assault was removed from the list of enumerated felonies for which mandatory minimum sentences are required. *See* Ch. 2016-7, § 1, at 1, Laws of Fla. (2016). Appellant submits that because aggravated assault was no longer an enumerated felony at the time of his resentencing hearing in 2017, the mandatory minimum sentence should not have applied to him.

Whether section 775.087, Florida Statutes (2016), applies to Appellant's sentences is a question of law that we review de novo. *See Smiley v. State*, 966 So. 2d 330, 333 (Fla. 2007). The Florida Constitution prohibits the amendment or repeal of criminal statutes from affecting the "prosecution or punishment for any crime previously committed." Art. X, §9, Fla. Const. We have previously explained,

> The effect of this constitutional provision is to give all criminal legislation a prospective effectiveness; that is to say, the repeal or amendment, by subsequent legislation, of a pre-existing criminal statute does not become effective, either as a repeal or as an amendment of such pre-existing statute, in so far as offenses are concerned that have been already committed prior to the taking effect of such repealing or amending law.

*Davis v. State*, 892 So. 2d 518, 519 (Fla. 1st DCA 2004) (quoting *Raines v. State*, 28 So. 57, 58 (Fla. 1900)). *See also State v. Battle*, 661 So. 2d 38, 39 (Fla. 2d DCA 1995) ("The controlling statute for punishment is the statute in effect at the time of the commission of the crime.").

Contrary to Appellant's argument, it is the date of the commission of the crime, not the date the sentence becomes final, that dictates which punishment statute applies. As the postconviction court correctly ruled, the sentences imposed in 2017 were controlled by the statute in effect at the time of Appellant's offenses. Accordingly, the sentences are AFFIRMED.

B.L. THOMAS, C.J., and WOLF, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.