# Third District Court of Appeal
## State of Florida

Opinion filed August 31, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0697
Lower Tribunal No. F06-22033B
_____

**Damon Darling,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Laura Anne Stuzin, Judge.

Damon Darling, in proper person.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before EMAS, SCALES, and MILLER, JJ.

MILLER, J.

Appellant, Damon Darling, challenges the summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a), and his subsequent motion for rehearing. On appeal, Darling contends the lower tribunal erred in rejecting his claim that his sentences for aggravated assault and manslaughter were illegal. We affirm because the penalties imposed were permissible under Florida law.

## BACKGROUND

Following a jury trial, Darling was convicted of the aggravated assault of Leroy LaRose and the manslaughter of Sherdavia Jenkins. The jury expressly found he discharged a firearm during the commission of the offenses. Relying upon the jury finding, the trial court subsequently sentenced Darling to a minimum mandatory term of twenty years on the aggravated assault count and thirty years on the manslaughter count. Darling filed a direct appeal, and this court affirmed. See Darling v. State, 81 So. 3d 574, 579 (Fla. 3d DCA 2012). Darling then filed the subject motion, contending that, because a firearm is an essential element of both crimes, his convictions were improperly reclassified, and his sentences exceeded that authorized by statute. The trial court denied relief. A motion for rehearing proved unsuccessful, and the instant appeal ensued.

## ANALYSIS

2

A trial court has the authority to correct an illegal sentence at any time. Kelly v. State, 642 So. 2d 773, 773 (Fla. 2d DCA 1994). Such relief may only be afforded "when the pertinent court records demonstrate [entitlement] on their face." Martinez v. State, 211 So. 3d 989, 991 (Fla. 2017). Motions to correct an illegal sentence may be resolved as a matter of law, without the necessity of contested evidentiary hearings. See Williams v. State, 957 So. 2d 600, 602 (Fla. 2007).

The Florida Supreme Court has narrowly defined what constitutes an "illegal sentence." In this context, such a sentence is "one that imposes a punishment or penalty that no judge under the entire body of sentencing statutes and laws could impose under any set of factual circumstances." Id. (citing Carter v. State, 786 So. 2d 1173, 1181 (Fla. 2001)). This includes sentences that patently fail to comport with statutory or constitutional limitations. State v. Mancino, 714 So. 2d 429, 433 (Fla. 1998).

Here, Darling correctly asserts that aggravated assault is not subject to reclassification under section 775.087(1), Florida Statutes (2022), because a firearm is an essential element of aggravated assault. See Walters v. State, 229 So. 3d 444, 445 (Fla. 1st DCA 2017). Reclassification, however, was not the basis the trial court relied upon in imposing a twenty-year term of imprisonment. Florida's 10-20-Life statute, codified in section

3

775.087, Florida Statutes, requires trial courts to impose certain firearm minimum mandatories. The discharge of a firearm during the commission of statutorily enumerated forcible felonies carries a twenty-year minimum mandatory. See § 775.087(2)(a)2., Fla. Stat. At the time Darling committed the instant offenses, aggravated assault was among those enumerated felonies.[1] See § 775.087(2)(a)1.f., Fla. Stat. (2006). Consequently, once the jury found Darling discharged the firearm, the trial court was legislatively mandated to impose the twenty-year minimum mandatory term.

As to the second contention of error, this Court has previously held that the use of a firearm is not an element of the offense of manslaughter. See Minor v. State, 707 So. 2d 1184, 1184 (Fla. 3d DCA 1998); § 782.07(1), Fla. Stat. Thus, where a jury renders a finding that a firearm was used during the commission of the crime, manslaughter is properly reclassified as a first-degree felony. See Minor, 707 So. 2d at 1184; § 775.087(1)(b), Fla. Stat.

---

[1] Effective July 1, 2016, aggravated assault was removed from the list of felonies for which minimum mandatory sentences are required. See Ch. 2016–7, § 1, Laws of Fla. (2016); § 775.087(2)(a)1., Fla. Stat (2022). This change in the law does not apply retroactively, as the proceedings are governed by the version of the sentencing statute in effect at the time of the commission of the crime. See Sheaffers v. State, 243 So. 3d 518, 519–20 (Fla. 1st DCA 2018) ("Appellant submits that because aggravated assault was no longer an enumerated felony at the time of his resentencing hearing in 2017, the mandatory minimum sentence should not have applied to him. . . . Contrary to Appellant's argument, it is the date of the commission of the crime . . . that dictates which punishment statute applies.").

This subjects the offender to a sentence not to exceed thirty years.  <u>See</u> §
775.082(3)(b), Fla. Stat.

Accordingly, Darling's sentences neither run afoul of statutory or
constitutional limitations nor constitute penalties that "no judge under the
entire body of sentencing statutes and laws could impose under any set of
factual circumstances."  <u>Williams</u>, 957 So. 2d at 602.  We therefore affirm
the orders under review.

Affirmed.