# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-2988

_____

JORDAN CAYNE HUTCHINSON,

Appellant,

v.

STATE OF FLORIDA,

Appellees.

_____


On appeal from the Circuit Court for Bay County.
Timothy Register, Judge.

September 18, 2024


PER CURIAM.

Appellant challenges his sentence following his convictions for attempted second-degree murder, shooting into an occupied vehicle, and aggravated assault with a firearm. He argues that the trial court erroneously did not consider a sentence under the Florida Youthful Offender Act based on what he claims was the State's incorrect statement at sentencing that Appellant was not eligible for a youthful offender sentence. *See* § 958.04(1)(b), Fla. Stat. (2018). He also challenges certain discretionary costs and the discretionary fine imposed as part of his sentence because the trial court did not orally pronounce each of these monetary penalties individually at sentencing. We reverse certain costs imposed and remand for entry of a corrected sentence. We otherwise affirm.

Appellant was born in August 2000 and committed the offenses here in July 2019. Following a jury trial, Appellant was convicted in August 2022. At sentencing, the State argued that Appellant did not qualify for youthful offender sentencing since under one version of section 958.04(1)(b), Appellant had to be "under the age of 21 at the time of sentencing." On appeal, Appellant contends that the version of section 958.04(1)(b) applicable to his sentencing and currently in effect allows a court to consider a youthful offender sentence if, among other requirements, "such crime was committed before the defendant turned 21 years of age." Since Appellant was eighteen years old when he committed the crimes, he claims that the trial court erred in not considering youthful offender sentencing.

Appellant is incorrect about the applicable version of section 958.04(1)(b). The State was right to argue at sentencing that Appellant had to be "under the age of 21" for the trial court to consider youthful offender sentencing. *Id.* Section 958.04(1)(b) was amended in chapter 2019-167, section 67, Laws of Florida. Chapter 2019-167 had multiple sections dealing with the administration of justice. Although certain sections of chapter 2019-167 contained earlier effective dates, section 67 at issue here did not. Therefore, section 156 of chapter 2019-167 made the amendment to section 958.04(1)(b) effective October 1, 2019. Since this was after Appellant committed the crimes for which he was sentenced, the earlier version of section 958.04(1)(b) applied to Appellant. *See Sheaffers v. State*, 243 So. 3d 518, 520 (Fla. 1st DCA 2018) ("[I]t is the date of the commission of the crime, not the date the sentence becomes final, that dictates which punishment statute applies.").

Although the Legislature could have made the amendment to section 958.04(1)(b) retroactive, they did not do so. *See Pappas v. State*, 346 So. 3d 1200, 1203 (Fla. 1st DCA 2022) (holding that for an amendment to a criminal statute to be retroactive the Legislature must expressly provide for retroactivity). Appellant was 22 at the time of sentencing, so Appellant's argument that he qualified for youthful offender sentencing under the applicable version of section 958.04(1)(b) fails.

Additionally, even if the new version of section 958.04(1)(b) applied to Appellant, the transcript of the sentencing hearing establishes that the trial court would have declined to exercise discretion to impose a youthful offender sentence. The court referred to its consideration of the evidence at trial and the serious nature of the offenses in stating "I don't think youthful offender is appropriate, based on my review." Appellant fails to demonstrate that, even if the trial court could have imposed a youthful offender sanction, it abused its discretion in declining to sentence him as a youthful offender. *Ellis v. State*, 475 So. 2d 1021, 1023 (Fla. 2d DCA 1985) (holding that the "application of the Youthful Offender Act to any particular defendant is discretionary with the trial judge").

Turning to costs, the State concedes error on the imposition of the $3 cost under section 318.13(11)(b)(2), Florida Statutes, and the $2 cost under section 938.15, Florida Statutes.

Considering Appellant's challenge to the discretionary fine of $200 under section 775.083(1), Florida Statutes; the accompanying $10 surcharge under section 938.04, Florida Statutes; and the discretionary public defender fee of $150 under section 938.29(5), Florida Statutes; there was no question that the trial court did not individually orally pronounce these discretionary monetary penalties at sentencing. But Appellant did not object to the total fines and costs as announced by the trial court, and he and his counsel signed the written waiver of the required oral pronouncement located at the bottom of the court costs order. Appellant's motions to correct sentence under rule 3.800(b)(2), Florida Rules of Criminal Procedure, did not challenge the validity of this written waiver. Rather, Appellant challenged the validity and effect of the written waiver of oral pronouncement for the first time in his reply to the State's answer brief on appeal. We decline to address the validity and efficacy of the written waiver because an issue not raised in the trial court and raised for the first time in an appellate reply is not preserved for review. *Pasha v. State*, 225 So. 3d 688, 705 (Fla. 2017); *Reynolds v. State*, 934 So. 2d 1128, 1144 (Fla. 2006).

The sentence is therefore REVERSED as to the $3 cost under section 318.13(11)(b)(2), Florida Statutes, and the $2 cost under

section 938.15, Florida Statutes, and REMANDED with instructions to the trial court to correct the sentence by striking these improper costs.  The sentence is otherwise AFFIRMED.

BILBREY and KELSEY, JJ., concur; ROWE, J., concurs in result.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Miranda L. Butson, Assistant Attorney General, Tallahassee, for Appellee.